## DOYLE v. CITY OF DEARBORN.

1. MUNICIPAL CORPORATIONS—HOME-RULE CITY CHARTERS—OFFICERS.
   It is mandatory that a home-rule city charter shall provide for the qualifications, duties, and compensation of its officers (CL 1948, § 117.3[d], as amended by PA 1960, No 14).

2. STATES—LEGISLATURE—QUALIFICATIONS FOR MEMBERSHIP.
   The only valid limitations upon qualifications for membership in the State legislature are those imposed by State law.

3. MUNICIPAL CORPORATIONS—OFFICERS—QUALIFICATIONS.
   *Qualifications,* as the term is used in statute setting forth required · provisions of a home-rule city charter, is used in a generic sense and includes qualifications to be elected to office and also qualifications to hold the office (CL 1948, § 117.3[d], as amended by PA 1960, No 14).

4. SAME—COUNCILMAN—QUALIFICATIONS—STATE SENATOR.
   Plaintiff, a State senator, concededly qualified to be elected to office of city councilman, was not qualified to serve as councilman without first having resigned his office as a member of the State legislature, where city charter provision declared it to be contrary to public policy for an elective city official to be employed by or hold office in, and paid wages or salary by, any other unit of government raising its operating budget in whole or in part by public taxation (CL 1948, § 117.3[d], as amended by PA 1960, No 14; Dearborn Charter, § 4.19).

5. SAME—HOME-RULE CITIES—CHARTERS—QUALIFICATIONS OF OFFICERS—PUBLIC POLICY.
   It is within the express authority of the home-rule city act and consonant with general public policy for a city charter to

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 37 Am Jur, Municipal Corporations § 102 *et seq.*, § 222 *et seq.*
[2] 49 Am Jur, States, Territories, and Dependencies § 34.
[3] 37 Am Jur, Municipal Corporations § 230.
[4–8] 37 Am Jur, Municipal Corporations § 238.
Effect of election to or acceptance of one office by incumbent of another where both cannot be held by same person. 100 ALR 1162.

impose a restriction upon a person holding an elective office in the city that the incumbent not hold office in another governmental unit raising its operating budget in whole or in part by taxation (CL 1948, § 117.3[d], as amended by PA 1960, No 14; Dearborn Charter, § 4.19).

6. SAME—HOME-RULE CITY COUNCILMAN—STATE LEGISLATOR—QUALIFICATIONS OF OFFICERS—OPTION.

A State legislator who has been elected to office of home-rule city councilman in city whose charter restricted such officers from holding office in any other governmental unit raising its operating budget in whole or in part by taxation, had the option of resigning from the legislature or refusing the oath as councilman (CL 1948, § 117.3[d], as amended by PA 1960, No 14; Dearborn Charter, § 4.19).

7. SAME—HOME-RULE CITY CHARTER—OFFICERS—COMMON LAW.

A home-rule city charter may prohibit a person from holding 2 offices which the common law might not declare incompatible (CL 1948, § 117.3[d], as amended by PA 1960, No 14; Dearborn Charter, § 4.19).

8. SAME—HOME-RULE CITIES—COUNCILMAN—STATE SENATOR—FORFEITURE OF SALARY.

Summary judgment for defendant city was properly granted in action by former State senator to recover salary as councilman during period when he was also a State legislator, where city charter automatically vacated his office as councilman if he were also an officer in a governmental unit deriving its operating budget in whole or in part from taxation, notwithstanding he had served as councilman without his privilege to do so having been challenged, since his right to salary had been automatically forfeited (CL 1948, § 117.3[d], as amended by PA 1960, No 14; Dearborn Charter, § 4.19).

Appeal from Wayne; Wise (John M.), J. Submitted December 5, 1962. (Calendar No. 101, Docket No. 49,749.) Decided May 9, 1963.

Action by Patrick J. Doyle against the City of Dearborn, a municipal corporation, for salary as councilman. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Dee Edwards,* for plaintiff.

*Ralph B. Guy, Jr.,* Corporation Counsel, and *Harry C. Tatigian,* Assistant Corporation Counsel, for defendant.

Smith, J. Plaintiff was a member of the State legislature from 1945 through 1962, serving in both the house and senate. Both positions paid a salary and expenses. While a member of the State senate, he was elected councilman of the city of Dearborn, taking the oath of office on November 22, 1955. He resigned from the council September 10, 1957. No salary was paid him as councilman, although the Dearborn city charter provided for an annual salary of $2,000. On September 21, 1961, he filed his declaration in assumpsit, claiming the city of Dearborn had refused and neglected to pay his salary as required by the city charter.* Defendant city admits that plaintiff was elected to the office of councilman, but denies he is entitled to salary. Defendant claims that plaintiff was ineligible to enter upon duties as councilman because the city charter expressly prohibits anyone from holding elective office under the charter who occupies, at the time, any other public office except member of the Wayne county board of supervisors (to which the city is entitled to certain seats).

Defendant is a municipal corporation organized under the home-rule cities statute, PA 1909, No 279, which statute, upon constitutional mandate, grants broad powers to municipal corporations organized

---

* Section 5.3. "Each member of the council shall receive, as remuneration for his service to the city, the sum of $2,000 per annum. Such salaries shall be payable monthly and, except as otherwise provided in this charter, shall constitute the only salary or remuneration which may be paid for services performed by members of the council for the discharge of any official duty for or on behalf of the city during their term of office."

thereunder. It is mandatory under CL 1948, § 117.3 (d), as amended by PA 1960, No 14 (Stat Ann 1961 Cum Supp § 5.2073[d]), that each city charter provide for, among other things, "the qualifications, duties and compensation of its officers." The city charter of Dearborn specifies that it is unlawful for any elective official to hold any position on another public payroll. The applicable section reads as follows:

"Sec. 4.19. Anything in this charter to the contrary notwithstanding, it is hereby declared to be not in the best interests of the city and contrary to public policy for any elective official of the city to be employed by or hold office in and paid wages or salary by any other unit of government which raises its operating budget in whole or in part by public taxation. It is, therefore, hereby declared to be unlawful for any such official to hold such office or be thus employed, and any person who holds such office or is so employed is hereby declared to be ineligible to hold or continue to hold an elective office in the city government, and the right of such person to serve in such elective city office shall be automatically forfeited; provided, however, the foregoing provisions shall not apply to the terms of office of incumbent city officials expiring in the year 1954, and shall not apply to any city official who is an ex officio member of the Wayne county board of supervisors."

The obvious and essential question is whether plaintiff is entitled to a salary in view of the language of the charter. Plaintiff claims on appeal that the charter provisions are no defense to his action because, in effect, the charter imposes restrictions on membership in the State legislature and that, in this regard, the State Constitution pre-empts the field.

It hardly need be said that the only valid limitations upon qualifications for membership in the State

legislature are those imposed by State law. However home-rule cities are mandated to establish in their charters the qualifications of its officers. The word "qualifications" as used in the statute is used in the generic sense and includes qualifications to be elected to office and also qualifications to hold the office, sometimes referred to as eligibility. Defendant city concedes that plaintiff was qualified to be elected to the office of councilman but denies that he was qualified to serve without first having resigned his office as a member of the State legislature. With this we agree. We think it is within the express authority of the home-rule act to impose such a restriction in the city charter. The restriction is not upon a person becoming a member of the State legislature but upon becoming city councilman. A person such as plaintiff, serving in the legislature at the time of his election to the council had an option, either to resign from the legislature and qualify as councilman, or to refuse the oath as councilman and stay in the legislature. As to the public policy considerations, manifest in the charter, 2 citations are of general import in this connection. In Mechem, Public Offices and Officers, bk 2, ch 4, § 427, p 271, the statement is made:

"From motives of public policy, it is frequently provided in the State constitutions and statutes that a person shall not at the same time hold an office of trust or profit both under the State and under the Federal government; that persons holding judicial offices shall not at the same time hold other offices of trust or profit; that a person shall not at the same time hold 2 offices of trust or profit, and the like.

"These provisions often cover substantially the same ground as the common-law prohibition against incompatible offices; but they also, in many cases, go further than that and arbitrarily prohibit the

holding of 2 offices which the common law might not declare incompatible."

The author concludes in section 431, page 275, that:

"*A fortiori,* where the charter of a city prohibits an alderman from holding any other office, and provides that by his election to and acceptance of another, his office as alderman shall immediately become vacant, an alderman who is elected to congress and accepts the office *ipso facto* vacates his office of alderman." See *People, ex rel. Kelly,* v. *Common Council of Brooklyn,* 77 NY 503 (33 Am Rep 659).

In a later exposition on the subject, 42 Am Jur, Public Officers, § 58, p 926, the following appears:

"Since a public office is a public agency or trust created for the benefit and in the interests of the people, the holder of such an office is subject to such regulations and conditions as the law may impose. He cannot, therefore, complain of any restrictions which public policy may dictate on his holding of more than 1 office. The common law recognizes certain limitations on double office holding, and there are provisions in the constitutions and statutes of the various States declaring or extending the common-law rule. Their manifest purpose is to prevent multiple office holding so that offices and places of public trust will not accumulate in a single person."

In this case, the charter provision is in line with the general public policy. Not offending either the State Constitution or the home-rule statute, necessarily, we conclude therefore that the charter restrictions are valid. By express provision of the charter, any elective official of the city of Dearborn holding office in and paid wages or salary by any other unit of government which raises its operating budget, in whole or in part, by public taxation automatically forfeits his right to serve as an elective official of the city of Dearborn. By its terms, the disqualification occurs by operation of law.

Regrettably, no one challenged the privilege of plaintiff to serve on the council while he was colorably a member. This, however, in no way negates the effect of the will of the electors validly to adopt such a provision in the charter. The same charter upon which plaintiff now expressly relies to create the claimed obligation negates any possibility of recovery through its automatic forfeiture provisions. We conclude therefore that the order granting summary judgment to defendant should be affirmed. Costs to defendant.

Carr, C. J., and Dethmers, Kelly, Black, Kavanagh, and Souris, JJ., concurred.

O'Hara, J., took no part in the decision of this case.