THE STATE, EX REL. PLATZ, *v.* MUCCI.

[Cite as State, ex rel. Platz, v. Mucci, 10 Ohio St. 2d 60.]

(No. 40166—Decided April 5, 1967.)

*Mr. Paul H. Torbet,* for relator.
*Mr. E. W. Mastrangelo,* for respondent.

*Per Curiam.* Relator in this action attacks the constitutionality of the charter provision. He contends that it is arbitrary,

unreasonable, discriminatory and oppressive, that it violates Section 2, Article I of the Ohio Constitution, and the Fourteenth Amendment of the Constitution of the United States. He argues that it violates the equal protection clause, and that the action of council denied him due process.

Relator has filed a supplemental petition showing that the charter provision was changed on May 3, 1966, prohibiting only a public employee of the city of Wickliffe from being a member of council.

The case is now before the court on a motion for summary judgment filed by relator.

Relator raises three issues. The first is that the provision in the Wickliffe city charter which prohibits a member of the city council from holding other public office or public employment is unconstitutional and void.

Basically, it is relator's contention that this provision creates an unreasonable classification in that it bars him as a teacher in a neighboring school district from being a member of council.

In the instant case, we are not concerned with incompatibility of office but rather a charter qualification for office. Is a qualification that a member have no other public employment reasonable?

There is no basic inherent or constitutional right to hold public office. In other words, legislative bodies may impose certain basic qualifications upon those who seek public office. Annotation, 34 A. L. R. 2d 155.

A legislative classification must be clear, rest on some reasonable ground and affect all persons in the class equally. *Xenia* v. *Schmidt*, 101 Ohio St. 437.

There is no lack of clarity in the charter provision in question, and it is patent that it operates equally on the members of the class.

The only remaining basis upon which such provision may be attacked is that it was not reasonable to create such class.

In *Allied Stores of Ohio, Inc.,* v. *Bowers, Tax Commr.,* 358 U. S. 522, at 528, the court says:

" * * * Similarly, it has long been settled that a classification, though discriminatory, is not arbitrary nor violative of

the equal protection clause of the Fourteenth Amendment if any state of facts reasonably can be conceived that would sustain it. * * *"

There, of course, is nothing in the charter which indicates the reasons for excluding public employees from membership on the council.

However, the result of the election of a public employee to the office of councilman would be to place him on two public payrolls; he would be receiving salaries from two offices supported by tax moneys.

A statute prohibiting a city councilman from holding office in or being employed by and paid wages or salary by any other unit of government which raises its operating budget by public taxation has been held to have a valid public purpose. See *Doyle* v. *Dearborn,* 370 Mich. 236, 121 N. W. 2d 473.

It appears that the classification in the instant case has a reasonable basis.

The case of *State, ex rel. Shank,* v. *Gard,* 19 C. D. 426, 431, 8 C. C. (N. S.) 599, 606, affirmed, 75 Ohio St. 606, presented the identical facts as this case. The pertinent part of the opinion reads as follows:

"* * * We are of opinion that at no time between his election and the hearing of this case did Fred Shearer have the qualifications of a member of council provided and required by Sec. 120 of the municipal code (Rev. Stat. 1536-613; Lan. 3098). He held the public office of school examiner and the public employment of superintendent of one of the Hamilton public schools before the election and continuously during the entire time of his pretended incumbency as a member of council, in contravention of the provision:

" 'Every member of council shall be an elector of the city, shall not hold any other public office or employment, except that of notary public or member of the state militia, and shall not be interested in any contract with the city.'

"We are of the opinion that the inhibition against persons holding public office or employment is not limited to office in or employment by the municipality, but extends to all public office and employment. This is evidenced by the exception of notaries public and members of the militia."

The case of *State, ex rel. Bindas,* v. *Andrish,* 165 Ohio St. 441, is not applicable to the present case. The decision in that case was based on whether the state statute or the city charter prevailed. In the opinion it is stated:

"It is apparent that, if the qualifications of such a councilman are to be determined only by the provisions of the Youngstown charter, the answer to this question will be in the affirmative. However, if Section 731.02, Revised Code, is applicable with respect to qualifications for office of a Youngstown councilman, then the answer may be in the negative."

This case, at least impliedly, recognizes the validity of a statutory provision denying public employees the right to become members of council.

Relator's second contention is that the council's refusal to seat him was void in that it did not comply with the provision of Section 3, Article III of the Charter. This provision provides for the expulsion or removal of a member of council.

Relator was not seated by agreement of the parties at the first meeting of council, and the journalized proceedings of the council show that relator was never seated.

Relator never having been seated, council was not bound by the charter provision which relates to the expulsion of members. The charter provisions were not applicable to these proceedings which related to the refusal of the council to seat relator.

Finally, relator urges that the charter has been amended so that he is now qualified. The subsequent amendment to the charter is of no help to relator. Relator was not qualified to hold the office at the time he was to be seated; the amendment to the charter after that time was not retroactive. 42 American Jurisprudence 910, Public Officers, Section 39.

The motion for summary judgment in favor of relator is overruled and the writ of quo warranto is denied.

*Writ denied.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.