The State, ex rel. Corrigan, *v*. Wheeler.

(No. 71-259—Decided June 30, 1971.)

*Mr. Stanton Addams,* for relator.

*Messrs. Gaines, Rogers, Horton & Forbes,* and *Mr. Thomas S. Watson,* for respondent.

*Per Curiam.* "The judicial power of this state is vested in a Supreme Court, Courts of Appeals, Courts of Common Pleas, and such other courts inferior to the Supreme Court as may from time to time be established by law." Article IV, Section 1, Ohio Constitution. Further, Article IV, Section 2 grants to this court original jurisdiction in certain enumerated types of action one of which is "quo warranto."

While Section V of the East Cleveland City Charter is a grant to the City Commission to pass on the qualification of its own members, this case does not involve a review of action taken thereunder. Cf. *State, ex rel. Platz,* v. *Mucci* (1967), 10 Ohio St. 2d 60. The grant of authority to the City Commission cannot result in a diminution of the constitutional grant of judicial power to this court. This court's original jurisdiction in quo warranto cannot be diminished by a city charter. *State, ex rel. Turner,* v. *Fender* (1922), 106 Ohio St. 191.

There is no dispute here that subsequent to his election to the City Commission of East Cleveland respondent became employed by the Auditor of Cuyahoga County. The employment by the Auditor's office constitutes a violation of the charter in that this second public employment is prohibited thereby and does not fall within the exceptions of "notary public or member of the State Militia." Thus it falls within the forfeiture provision of the city charter.

Respondent's motion to dismiss is overruled, and, respondent not desiring to plead further, judgment of ouster is issued.

*Judgment accordingly.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.