THE STATE, EX REL. HIGHLAND HEIGHTS, *v.* KEE.

[Cite as State, ex rel. Highland Heights, v. Kee (1975), 42 Ohio St. 2d 234.]

(No. 74-993—Decided May 7, 1975.)

*Mr. David B. Shillman,* director of law, and *Messrs. Gustin, Shillman & Weiss,* for relator.

*Avery, Puette Carbone Co., L. P. A.,* and *Mr. Guerin L. Avery,* for respondent.

*Per Curiam.* Although respondent does not expressly concede that her employment as a public school teacher constitutes other public employment in contravention of the charter of the city of Highland Heights, she does not oppose such conclusion as being the law of Ohio. See *State, ex rel. Platz,* v. *Mucci* (1967), 10 Ohio St. 2d 60.

The question raised by respondent is whether, under the charter, affirmative councilmanic action is a prerequisite to removal of a council member in a quo warranto action, and is councilmanic action the exclusive remedy for disqualification of such council member, in view of the permissive phrase "may be removed" in the charter.

Resolution of the question is found in *State, ex rel. Corrigan,* v. *Wheeler* (1971), 27 Ohio St. 2d 9, where this court considered the grant of judicial power to the various Ohio courts under Section 1, Article IV of the Ohio Constitution, and the further grant of original jurisidiction by Section 2, Article IV in certain types of actions of which "quo warranto" is one. Specifically, this court stated, at page 10, that "* * * the grant of authority to the city commission cannot result in a diminution of the constitutional grant of judicial power to this court. This court's original jurisdiction in quo warranto cannot be diminished by a city charter."

Altlhough it is true that the Highland Heights charter does not contain a forefeiture provision, as in *Wheeler,* the "shall not" prohibition against other public employment was nonetheless violated, and such charter, by affording council discretion as to whether it chooses to disqualify, cannot serve to require councilmanic action as a prerequisite to an original action in quo warranto. Such requirement would diminish and limit this court's original jurisdiction in quo warranto. The absence of a forfeiture provision is not a valid distinction to *Wheeler* where the prohibition violated is mandatory and unequivocal. Here, the absence of a forfeiture provision is merely consistent with the charter's authorization of councilmanic action for removal, which action this court holds is not necessary to a determination in quo warranto.

The motion for summary judgment in favor of relator is sustained and the writ of quo warranto is allowed.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.