[EDITORS' NOTE: THIS OPINION HAS BEEN WITHDRAWN.]
FILED 111
Honorable Courtney Goodman, Jr. Prosecuting Attorney St. Louis County 7900 Carondelet Clayton, Missouri 63105
Dear Mr. Goodman:
This opinion is in response to your opinion request asking as follows:
 "May a police judge in a city government in Missouri, chartered under Chapter 78 Mo. Rev. Stat. be a non-resident of the city in which he is serving, and what is the status of a city ordinance so allowing?
 "May the Council of the City of Maplewood require that the police judge be a licensed attorney?"
You further state:
 "On 7/14/75, the Maplewood City Code, Section 205.05 was altered, requiring that the police judge be a licensed attorney and no longer requiring that the police judge be a resident of the City.
 "As a result George Pittman, a non-resident of the City was `employed' as a police judge and Thomas Bakersmith, a non-attorney was removed.
 "Maplewood is chartered under Chapter 78 Mo. Rev. Statutes."
It is our understanding that Maplewood is a third class city with a commission form of government which is an optional form of government under the provisions of Sections 78.010 through 78.420, RSMo.
Under Section 78.070, RSMo, the police judge is to be elected by the majority vote of the council and is obviously considered to be an officer. Sections 78.010 through 78.420, RSMo, do not set out the qualifications for the police judge. However, Section77.380, RSMo, with respect to third class city officers, provides as follows:
 "All officers elected or appointed to offices under the city government shall be qualified voters under the laws and constitution of this state and, except the city sextons, the city attorney in cities of less than three thousand inhabitants, appointed police officers, and other employees having only ministerial duties, must be residents of the city. No person shall be elected or appointed to any office who shall at the time be in arrears for any unpaid city taxes, or forfeiture or defalcation in office."
Section 77.400, RSMo, provides:
 "The term `officer', whenever used in this chapter, shall include any person holding any situation under the city government or any of its departments, with an annual salary, or for a definite term of office."
We deem it unnecessary to determine whether Section 77.400 was intended to limit the definition of "officer" because the police judge of the City of Maplewood is paid an annual salary and thus comes within the definition. Further, Section 78.400 applicable to the commission form of government provides that all laws governing cities of the third class and not inconsistent with the provisions of Sections 78.010 to 78.420, RSMo, shall apply to and govern cities organized under said sections. Therefore, since there are no specific qualification requirements for police judges under the optional form of government, the qualifications set out in Section 77.380
with respect to third class cities are applicable. This means then that the police judge must be a resident of the city.
An ordinance provision which purports to reduce the statutory residence requirement for city officers is invalid. Pearson v. Cityof Washington, 439 S.W.2d 756 (Mo. 1969).
In answer to your question as to whether or not the council may require that the police judge be a licensed attorney, it is our view that the council may impose such an additional requirement.
The general law regarding this problem is announced in 62 C.J.S.Municipal Corporations § 476 p. 916 as follows:
 ". . . a municipality may fix reasonable restrictions on the right to hold office, and impose any reasonable conditions on holding offices within its control, or prescribe qualifications in addition to those prescribed by state statute. . . ."
This interpretation is generally supported throughout the jurisdictions in the United States. McAuliffe v. Mayor, Etc., of City ofNew Bedford, 29 N.E. 517 (1892); Doyle v. City of Dearborne,121 N.W.2d 473 (Mich. 1963); State ex rel. Isham v. City of Spokane,98 P.2d 306 (Wash. 1940). The Missouri Supreme Court endorsed Justice Holmes' opinion in McAuliffe v. Mayor, Etc., of City of New Bedford,supra, in State ex inf. McKittrick ex rel. Ham v. Kirby, 163 S.W.2d 990
(Mo.Banc 1942), stating that ". . . `. . . the city may impose any reasonable condition upon holding offices within its control.'" l.c. 996. The court's holding in State ex inf. McKittrick ex rel.Ham v. Kirby, supra, was quoted with approval in King v. Priest,206 S.W.2d 547 (Mo.Banc 1947), and undoubtedly is still the law.
CONCLUSION
It is the opinion of this office that a police judge of a third class city having a commission form of government under Sections78.010 through 78.420, RSMo, who is a city officer as defined in Section 77.400, RSMo, must be a resident of the city and may be required by ordinance to be a licensed attorney.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Yours very truly,
 JOHN C. DANFORTH Attorney General