The State, ex rel. City of Garfield Heights, *v.*
Nadratowski.

[Cite as State, ex rel. Garfield Heights, v. Nadratowski (1976), 46 Ohio St. 2d 441.]

(No. 76-98—Decided June 23, 1976.)

442

*Mr. Francis X. Reddy, Jr.*, director of law, for relator.
*Messrs. Newman & Newman, Mr. Joel I. Newman* and
*Mr. Gordon Biggs,* for respondent.

*Per Curiam.* Respondent contends that summary judgment is not now appropriate inasmuch as the status of Garfield Heights as a charter city is in issue. No affidavits or other evidentiary support is submitted by respondent to support his denial of the complaint's allegation relating to the adoption of a charter by the electors of Garfield Heights. Thus, respondent has failed to comply with Civ. R. 56(E) which requires that he "* * * must set forth specific facts showing that there is a genuine issue for trial." Respondent's answer, which admits paragraph three of the

complaint which sets forth Section 9 of the Charter, presents a patent inconsistency with his apparent denial of the charter's existence, further emphasizing why respondent can not here rest upon such denial to avoid summary judgment.

Disposition of this case is made upon the basis of *State, ex rel. Platz,* v. *Mucci* (1967), 10 Ohio St. 2d 60, on both the question of whether a public school teacher is in public employment and whether a charter provision prohibiting a member of council from holding "other public office or public employment" is constitutional. Thus, we hold that a public school teacher receiving a salary supported by tax moneys is in other public employment, and the creation of a class prohibited as to "public employment" has a reasonable basis so as to be within the equal protection clause of the federal Constitution.

The filing of this action in this court was authorized on January 26; 1976, by resolution of the city council of relator, and was so filed on February 2, 1976. The time lapse between the action of relator to obtain judicial determination herein and respondent's election of November 4, 1975, was not inexpedient nor was relator's payment of respondent's salary tantamount to a condonation. The issue here is the right of respondent to the office of member of city council in light of the qualification and forfeiture provision as aforesaid and does not involve a question of entitlement to salary. The defense of laches is not well taken.

Accordingly, a writ of quo warranto is allowed.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.