The Honorable W. E. Snelson Chairman Senate Committee on Intergovernmental Relations State Capitol Austin, Texas
Re: Whether a city or county can require disclosure of public officials assets and income.
Dear Chairman Snelson:
You have requested our opinion regarding whether municipalities and counties may require their public officials to file financial disclosure statements as a condition of holding office. Although you have not provided us with the details of the content of any such proposed financial statements, we assume for purposes of discussion that they would contain information similar to that required of certain state officials by article 6252-9b, V.T.C.S.
It is well established that a home rule city may exercise any power not inconsistent with the Texas Constitution or with general law. Tex. Const. art. 11, § 5; V.T.C.S. art. 1165; City of Sweetwater v. Geron, 380 S.W.2d 550, 552 (Tex. 1964); Wagstaff v. City of Groves, 419 S.W.2d 441, 443 (Tex.Civ.App.-Beaumont 1967, writ ref'd n.r.e.). As we noted in Attorney General Opinion H-15 (1973), the public has `a legitimate interest in the current financial condition and recent financial history of those of its servants who are in positions of authority.' Id. at 2. On that basis, we have upheld the constitutional validity of article 6252-9b. Attorney General Opinion H-190 (1973).
There appears to be no constitutional or statutory provision which would per se prohibit a home rule city from requiring that its officials file financial disclosure statements as a condition of holding office. The Texas Election Code imposes certain eligibility requirements upon persons who hold elective office, and specifically permits a home rule city to prescribe `different age and residence requirements from those prescribed' by statute. Election Code, art. 1.05 (Subdiv. 3.). In addition, a number of other statutes prescribe further eligibility requirements for certain offices. See e.g. V.T.C.S. arts. 987, 1003, 1004. Even assuming that requiring the filing of these financial statements would constitute a `qualification' for office, the statutory qualifications have not been deemed exclusive and since neither the Constitution nor any statute per se prohibits the imposition of additional requirements, we believe that a home rule city is authorized to prescribe them.
We are supported in this conclusion by a number of decisions from other jurisdictions. The general rule is that a city may establish conditions for holding a municipal office in addition to those imposed by state law, so long as such conditions are not inconsistent therewith. See e.g. Doyle v. City of Dearborn,121 N.W.2d 473, 475-76 (Mich. 1963); State ex rel. Isham v. City of Spokane, 98 P.2d 306, 309 (Wash. 1940); Lindsey v. Dominguez,20 P.2d 327, 328 (Cal. 1933). Of course, no condition of holding office may be prescribed in contravention of the due process and equal protection guarantees of the State and Federal Constitution. Thompson v. Gallagher, 489 F.2d 443, 449 (5th Cir. 1973). Furthermore, if the requirement of financial disclosure is imposed by ordinance, the municipality must first determine that such ordinance is not in violation of any provision of its charter. City of Fort Worth v. Lillard, 272 S.W. 577, 580
(Tex.Civ.App.-Ft. Worth 1925), aff'd 294 S.W. 831 (Tex. 1927). In general, however, it is our opinion that a home rule city is authorized to require its public officials to file financial disclosure statements as a condition of holding office.
As to general law cities, their powers are derived from article 11, section 4 of the Texas Constitution. While home rule cities are authorized to amend their charters and adopt ordinances, subject only to the limitation that neither charter nor ordinance may be inconsistent with the Constitution or with general law, no such power is granted to general law cities. It is generally held that non-home rule municipalities have only those powers which are specifically granted them by the Legislature. Ex parte Farley, 144 S.W. 530 (Tex.Crim.App. 1912); State ex rel. Rea v. Etheridge, 32 S.W.2d 828, 830 (Tex. Comm'n. App. 1930), jdgmt adopted, 36 S.W.2d 983 (Tex. 1937); Lindsley v. Dallas Consolidated Street Railway Co., 200 S.W. 207, 211 (Tex.Civ.App.-Dallas 1917, no writ).
Counties, too, have only those powers which are clearly set forth in the Constitution and statutes. Harrison County v. City of Marshall, 253 S.W.2d 67, 69 (Tex.Civ.App.-Ft. Worth 1952, writ ref'd); Wichita County v. Vance, 217 S.W.2d 702, 703
(Tex.Civ.App.-Ft. Worth 1949, writ ref'd n.r.e.). It is thus our view that neither a non-home rule city nor county may require its officials to file financial disclosure statements without express authorization from the Legislature.
 SUMMARY
Home rule cities may require their public officials to file financial disclosure statements as a condition of holding office, but general law cities and counties may not do so without express authorization from the Legislature.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee