ROSSO, APPELLANT, *v.* OHIO DEPT. OF ADMINISTRATIVE SERVICES ET AL., APPELLEES.

(No. 81AP-713—Decided March 16, 1982.)

*Messrs. Krumm, Schwenker, Fisher & Hartshorn* and *Mr. David A. Skrobot,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Warren M. Enders,* for appellee Dept. of Adm. Serv.

*Mr. John T. Huddle,* city attorney, for appellee city of Lancaster.

*Mr. Rodger W. McNaughton,* for appellee Mattox.

REILLY, J. This is an appeal from a judgment of the Court of Claims of Ohio. The trial court granted summary judgment to defendant, Ohio Department of Administrative Services (hereinafter ODAS).

Plaintiff, on April 1, 1977, rented .388 acres of abandoned Hocking Canal Lands in Fairfield County from the state of Ohio for a term of fifteen years at an annual rental rate of $105. Plaintiff sublet the property on May 5, 1978, to Merle Thrasher, d.b.a. Taylor Rental Center. Subsequently, on March 23, 1979, the director of ODAS notified plaintiff that his leasehold interest was reduced to .284 acres and that his annual rental rate was accordingly reduced to $76.50 per year. The state contended that this was due to discovery of an error in the original street plan.

Plaintiff filed a complaint on March 20, 1981, alleging that ODAS breached the lease terms by reducing the leased acreage without proper cause in accordance with the sixty-day notice required by the lease; that such action deprived plaintiff and his sublessee of the use and enjoyment of the original leased premises; and that this action constituted an unconstitutional taking of a property interest without due process of law, violating the statutory authority conferred upon the director of ODAS. Plaintiff sought a judgment of $850 for the cost of a survey, as well as $1,200 for lost rental from March 1979 to date of the complaint and $50 per

month thereafter until restitution of the premises.

ODAS filed a motion for summary judgment alleging plaintiff was not entitled to recovery as he had entered into his sublease with Mr. Thrasher without the prior written permission of ODAS, as required in the original lease. The court granted the motion for summary judgment.

Plaintiff has now perfected this appeal, including the following assignments of error:

"1.  The trial court erred in granting summary judgment in the presence of genuine issues as to material facts upon which reasonable minds could differ and in finding that Defendant Ohio Department of Administrative Services was entitled to judgment as a matter of law.

"2.  The trial court erred in finding that the Ohio Department of Administrative Services was entitled to summary judgment as a matter of law.

"3.  The trial court erred in improperly providing Defendant Ohio Department of Administrative Services with leave to file a Reply Memorandum."

Plaintiff's first and second assignments of error are interrelated and considered together. Civ. R. 56(C) states in pertinent part that:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made,

such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

Furthermore, the Supreme Court in *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, at pages 65-66 [8 O.O.3d 74], wrote:

"Civ. R. 56(E) provides, in relevant part:

" '* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.'

"Given the requirement of Civ. R. 56(E) that a party set forth specific facts showing that there is a genuine issue for trial, that party must so perform if he is to avoid summary judgment. *State, ex rel. Garfield Hts.*, v. *Nadratowski* (1976), 46 Ohio St. 2d 441, 442-43 [75 O.O.2d 497], 349 N.E.2d 298. Unsupported allegations in the pleadings do not suffice to necessitate the denial of a summary judgment. The principal function of Civ. R. 56(E) is to enable movement beyond allegations in the pleadings, and to analyze the evidence so as to ascertain whether an actual need for a trial exists."

The lease herein plainly indicates that ODAS has an option to cancel if plaintiff sublets the lease premises without the written consent of ODAS. The pleadings and affidavits, for summary judgment purposes, show that Albert R. Johnson, Coordinator of Land Operations for ODAS, who handled all negotiations for ODAS in leasing the land to plaintiff, was advised that plaintiff was subletting the land to Mr. Thrasher. He was furnished a copy thereof on June 9, 1978, and failed to respond to counsel for plaintiff's letter dated June 1, 1978 concerning this question. ODAS presented the affidavit of

Daniel W. McCalla, which states that the record is silent as to any written consent to sublet from ODAS. Nevertheless, ODAS did not approve or reject the sublease until it filed its motion for summary judgment in 1981, despite the fact that it was aware of such sublease three years prior to that time. ODAS has not cancelled the lease with plaintiff.

Therefore, construing the evidence most strongly in plaintiff's favor, there is a genuine issue of material fact concerning whether ODAS waived its right to cancel the lease due to plaintiff's sublease to Mr. Thrasher.

Although ODAS reduced the acreage in plaintiff's lease, there is nothing to indicate that this was done as an act of disapproval to plaintiff's sublease with Mr. Thrasher. There is no provision in the original lease for partial cancellation and the letter from ODAS to plaintiff regarding the reduction states it was due to a survey error. Thus, it is a reasonable conclusion that such action of ODAS was independent of plaintiff's sublease, and that waiver of any rights to cancel based on such sublease was not an available defense. Consequently, there is a genuine issue of material fact whether ODAS breached the lease by failing to give plaintiff a sixty-day notice concerning the acreage reduction in his property interest under the lease.

Therefore, plaintiff's first and second assignments of error are sustained.

Plaintiff's third assignment of error is also well taken. The trial court could consider the reply memorandum of ODAS as a pleading for summary judgment purposes. The court should have granted plaintiff's motion for leave to file additional affidavits, and also considered the affidavit of plaintiff submitted therewith, since the purpose of Civ. R. 56(C) is to determine whether there is an actual need for trial. *Harless* v. *Willis Day Warehousing Co., supra,* at page 66. While the affidavit does not conclusively establish a

waiver by ODAS, it raises an issue of fact pertinent thereto.

Finally, this court in *A.F.S.C.M.E.* v. *Blue Cross* (1979), 64 Ohio App. 2d 262 [18 O.O.3d 227], held that the Court of Claims has full equity powers and, hence, jurisdiction to determine all questions as to the liability of private parties removed to such court. Therefore, the court should not have dismissed the city of Lancaster and Irene Mattox as party-defendants. It should also be noted, however, that the second paragraph of the syllabus of *A.F.S.C.M.E.* v. *Blue Cross, supra,* incorrectly stated that the Court of Claims has jurisdiction to grant mandamus.

Thus, plaintiff's third assignment of error is sustained.

Accordingly, for the foregoing reasons, the judgment of the Court of Claims is reversed and remanded for further proceedings consistent with this decision and in accordance with law.

*Judgment reversed
and case remanded.*

WHITESIDE and McCORMAC, JJ., concur.

(No. 81AP-713—Decided September 30, 1982.)

ON RECONSIDERATION.

REILLY, J. Defendant-appellee, Ohio Department of Administrative Services, has filed a motion for reconsideration of one aspect of this court's decision rendered March 16, 1982. Plaintiff-appellant has not responded.

Defendant-appellee emphasizes that the city of Lancaster and Irene Mattox were named as original defendants in the Court of Claims and that this is not an action removed to the Court of Claims, pursuant to the provisions of R.C. 2743.02(E), which provides that the only defendant in original actions in the Court of Claims is the state.

Thus, the Court of Claims properly dismissed the city of Lancaster and Irene Mattox as defendants in this original action.

Accordingly, this court reconsiders that aspect of our decision holding that the Court of Claims erred in dismissing the two non-state defendants and, to that extent, reconsideration is granted.

*Motion for reconsideration sustained.*

WHITESIDE and McCORMAC, JJ., concur.