This matter is before the court on the petition of relator, Lamont Walker, for the issuance of a writ of mandamus, pursuant to R.C. Chapter 2731, ordering respondent, the Ohio Adult Parole Authority, to abide by its own parole assessment guidelines, rescind its prior parole decision with respect to relator, and grant him a new parole interview in conformity with its guidelines. Relator asserts that, while the ultimate decision of respondent as to whether to grant a parole is discretionary, its duty to act within its own rules is not. Relator contends that respondent's failure to satisfy the guidelines is a violation of procedural due process.
Appellate courts derive their authority to hear original actions, including the petition for a writ of mandamus, from the Ohio Constitution. Section 3(B), Article IV, Ohio Constitution. As a direct grant of the people of Ohio to the various courts of appeals, this jurisdiction may not be limited by other branches of government or political entities.State ex rel Corrigan v. Wheeler (1971), 27 Ohio St.2d 9, 10.
Nevertheless, Ohio courts of appeal, generally, and this court, specifically, have chosen to seek guidance from statutory procedures enacted for specific actions (e.g. R.C. 2731 for mandamus petitions) and to apply the Civil Rules of Procedure to the action, except to the extent that by their nature they are clearly inapplicable. State ex relMillington v. Weir (1978), 60 Ohio App.2d 348, 349; see, also Whiteside (1999 ed. 1998) Ohio Appellate Practice, 191; 6th Dist.Loc.App.R. 6.
Civ.R. 3(B) delineates the proper venue for the commencement of an action:
 "Any action may be venued, commenced, and decided in any court in any county. When applied to county and municipal courts, 'county,' as used in this rule, shall be construed, where appropriate, as the territorial limits of those courts. Proper venue lies in any one or more of the following counties:
"(1) The county in which the defendant resides;
 "(2) The county in which the defendant has his or her principal place of business;
 "(3) A county in which the defendant conducted activity that gave rise to the claim for relief;
 "(4) A county in which a public officer maintains his or her principal office if suit is brought against the officer in the officer's official capacity;
 "(5) A county in which the property, or any part of the property, is situated if the subject of the action is real property or tangible personal property;
 "(6) The county in which all or part of the claim for relief arose; or, if the claim for relief arose upon a river, other watercourse, or a road, that is the boundary of the state, or of two or more counties, in any county bordering on the river, watercourse, or road, and opposite to the place where the claim for relief arose;
 "(7) In actions described in Civ. R. 4.3, in the county where plaintiff resides;
 "(8) In an action against an executor, administrator, guardian, or trustee, in the county in which the executor, administrator, guardian, or trustee was appointed;
 "(9) In actions for divorce, annulment, or legal separation, in the county in which the plaintiff is and has been a resident for at least ninety days immediately preceding the filing of the complaint;
 "(10) In actions for a civil protection order, in the county in which the petitioner currently or temporarily resides;
 "(11) If there is no available forum in divisions (B)(1) to (B)(10) of this rule, in the county in which plaintiff resides, has his or her principal place of business, or regularly and systematically conducts business activity;
 "(12) If there is no available forum in divisions (B)(1) to (B)(11) of this rule:
 "(a) In a county in which defendant has property or debts owing to the defendant subject to attachment or garnishment;
 "(b) In a county in which defendant has appointed an agent to receive service of process or in which an agent has been appointed by operation of law."
Relator is incarcerated in Allen County and, presumably, the events which form the basis of his petition occurred there. Respondent is a governmental agency which relator seeks to serve through its counsel, the Ohio Attorney General at the Corrections Litigation Section, Cleveland. Clearly, pursuant to Civ.R. 3, this court is not one of those favored for venue in this matter.
When an action is commenced in a court for a county without proper venue, Civ. R. 3(C) directs that the court transfer the action to a court for a county where venue is appropriate. Accordingly, since Allen County is the county of relator's residence and the county in which the activity giving rise to the petition is alleged to have occurred, pursuant to the rule, we hereby transfer this matter to the Court of Appeals for Allen County.
PETITION TRANSFERRED.
Peter M. Handwork, P.J. ------------------------------ JUDGE
Melvin L. Resnick, J. ------------------------------ JUDGE
James R. Sherck, J. CONCUR. ------------------------------ JUDGE