JOURNAL ENTRY AND OPINION
Relator, Joseph Smith, has filed a complaint for a writ of mandamus in an attempt to compel the respondents, the City of Bay Village, T. Richard Martin (President of the Bay Village City Council), Thomas Jelepis (Mayor of the City of Bay Village), Bay Village City Council, Robert Kloepfer (member of Bay Village City Council), Donald F. Zwilling (member of Bay Village City Council), Becky L. Olson (member of Bay Village City Council), Debra Sutherland (member of Bay Village City Council), Robert J. Lambert (member of Bay Village City Council), Thomas B. Brugh (member of Bay Village City Council), and Gary A. Ebert (Director of Law for the City of Bay Village) to allow the relator to assume his seat as an elected member of the Bay Village Council, Ward One. In addition, the relator seeks a writ of quo warranto on the basis that respondent Becky L. Olson unlawfully holds and exercises control over the office of member of Bay Village Council, Ward One, the office to which the relator was duly elected. The respondents have filed a joint motion to dismiss per Civ.R. 12(B)(6)(B)(6). On February 25, 1999, this court sua sponte converted the respondents' motion to dismiss into a motion for summary judgment pursuant to Civ.R. 56. For the following reasons, we grant the respondents' motion for summary judgment.
Prior to November 2, 1999, the relator was employed as a public school teacher by the Avon Lake City School District. The relator has continued his employment as a public school teacher with the Avon Lake City School District. On November 2, 1999, the relator was elected to the office of member of the Bay Village Council, Ward One, defeating the incumbent respondent Becky L. Olson. On November 10, 1999, respondent Gary A. Ebert advised respondent Bay Village Council that the relator was not qualified to serve as a member of the Bay Village Council since the Bay Village Charter contains a provision which states that a member of council shall not hold any other public office or public employment except as otherwise provided in the charter or city ordinances. On November 29, 1999, the Cuyahoga County Board of Elections certified the relator's election to the office of member of the Bay Village Council, Ward One. On January 3, 2000, the Bay Village Council unanimously voted to prevent the relator from taking his seat as a member of council. On January 11, 2000, the relator filed his complaint for a writ of mandamus and a writ of quo warranto.
R.C. 2731.01 provides that mandamus is "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." In order for this court to issue a writ of mandamus, the relator must demonstrate that the relator possesses a clear legal right to the relief requested, the respondent possesses a clear legal duty to perform the requested act, and the relator possesses no plain and adequate remedy in the ordinary course of the law.State ex rel. Rogers v. Taft (1992), 64 Ohio St.3d 193; State exrel. Hodges v. Taft (1992), 64 Ohio St.3d 1; State ex rel. Klein v.Cuyahoga County Board of Elections (1995), 102 Ohio App.3d 124.
The relator contends that he possesses a legal right to take his seat as a duly elected member of the Bay Village Council, Ward One. We find to the contrary. The City of Bay Village is a home-rule municipality and, as such, has adopted a charter which includes specific qualifications and restrictions applicable to any member of the Bay Village Council. Cf. State Personnel Bd. ofReview v. Bay Village Civil Service Comm. (1986), 28 Ohio St.3d 214; Bindas v. Andrich (1959), 165 Ohio St. 441. Article II, Section 2.2 of the Bay Village Charter defines the qualifications that apply to all members of the Bay Village Council and provides that:
 Each member of Council, including the President of Council, shall have been for at least one (1) year prior to his election or appointment, and during his term of office shall continue to be, a resident of the Municipality and a qualified elector thereof. He shall not hold any other public office or public employment except as otherwise provided in this Charter or ordinance, and that of Notary Public or a membership in the State Militia, or the reserve corps of the United States.
(Emphasis added.)
Article II, Section 2.2 of the Bay Village Charter clearly provides that a member of council may not hold any other public office or any other public employment separate and apart from the office of member of council. The restriction against holding dual public office or dual public employment has been examined by the Supreme Court of Ohio on several occasions and found to be a valid and lawful restriction. State ex rel. Platz v. Mucci (1967),10 Ohio St.2d 60. See, also, State ex rel. Vana v. Maple Heights CityCouncil (1990), 54 Ohio St.3d 91; State ex rel. City of GarfieldHeights v. Nadratowski (1976), 46 Ohio St.2d 441; State ex rel.Highland Heights v. Kee (1975), 42 Ohio St.2d 234; Bennett v.Celebrezze (1986), 34 Ohio App.3d 260; State ex rel. Russell v.Martin (July 13, 1989), Cuyahoga App. No. 55522, unreported. The Supreme Court of Ohio has further established that a public school teacher is a public employee. State ex rel. Kabert v. ShakerHeights City School Dist. Bd. of Edn. (1997), 78 Ohio St.3d 37;State ex rel. Rollins v. Cleveland Hts.-University Hts. Bd. of Edn.
(1988), 40 Ohio St.3d 123; State ex rel. Brown v. Milton-UnionExempted Village Bd. of Edn. (1988), 40 Ohio St.3d 21.
In the case sub judice, the relator has failed to establish that he possesses a legal right to sit as a member of the Bay Village Council. Although duly elected by the voters of the city of Bay Village, the relator fails to meet the qualification restrictions of the Bay Village Charter which provides in no uncertain terms that a member of council may not hold any other public employment or office. The fact that the relator is currently employed as a public employee, vis-a-vis his position as a public school teacher under contract to the Avon Lake City School District, prevents the relator from becoming a member of the Bay Village City Council. The respondents are thus entitled to judgment as a matter of law. Cf. Welco Industries, Inc. v. AppliedCo. (1993), 67 Ohio St.3d 344; Davis v. Loopco Industries (1993),66 Ohio St.3d 64.
Relator's complaint for a writ of quo warranto must also fail. A proceeding in quo warranto is employed to challenge the authority of a claimant asserting a right and title to a public office. R.C.2733.01; State ex rel. Cain v. Kay (1974), 38 Ohio St.2d 15. In addition, a party seeking a writ of quo warranto must establish the right to the public office at issue.
Article II, Section 2.1 of the Bay Village Charter provides in pertinent part that "* * * members of Council shall be elected, one from each of four (4) wards, shall assume office on the first day of January following their election, and service for a term of two (2) years, or until their successors are elected and qualified.
* * *." (Emphasis added.) At the January 3, 2000 meeting of the Bay Village Council, it was unanimously determined that respondent Becky L. Olson would continue to serve as a member of the Bay Village Council, Ward One, until a properly qualified member of council was elected. Coupled with the fact that the relator was not qualified to assume the office of member of Bay Village Council, quo warranto does not lie to challenge the right of respondent Becky L. Olson to hold the elected office of member of Bay Village Council, Ward One. R.C. 2733.06; State ex rel. Halakv. Cebula (1977), 49 Ohio St.2d 291; State ex rel. Flask v. Collins
(1947), 148 Ohio St. 45. Respondent Becky L. Olson lawfully holds the position of member of Bay Village Council, Ward One, until a duly qualified candidate is elected by the voters of the City of Bay Village. Thus, we decline to issue a writ of quo warranto on behalf of the relator.
Accordingly, we find that there exists no genuine issues of material fact and that as a matter of law, the respondents are entitled to summary judgment. Respondents' motion for summary judgment is granted. Costs to relator.
JUDGMENT: WRITS DENIED.
TIMOTHY E. McMONAGLE. J., CONCURS.
 TERRENCE O'DONNELL, P.J., CONCURS WITH SEPARATE CONCURRINGOPINION.
 ___________________________________ MICHAEL J. CORRIGAN, JUDGE