I concur with the conclusion reached by the majority in arriving at a resolution of this case; however, I write to address a point of law presented by counsel for relator not addressed in the majority opinion.
Specifically, relator argues that R.C. 102.01(B) defines a "public official or employee" and excludes teachers from that definition. Further, counsel bolsters the argument by referencing R.C. 3517.01(B)(13), which defines "public official or employee" as in R.C. 102.01.
An examination of R.C. 102.01, which deals with Public Officers — Ethics, reveals that R.C. 102.01 states:
As used in Chapter 102. of the Revised Code:
* * *
 (B) * * * "Public official or employee" does not include a person who is a teacher, instructor, professor, or any other kind of educator whose position does not involve the performance of, or authority to perform, administrative or supervisory functions. (Emphasis added.)
However, the disclaimer at the beginning of this code section indicates the limited application for which the definition is to be applied: for purposes indicated in Chapter 102. of the code dealing with the financial disclosure and other income reporting requirements that apply to other public officials and employees but are not applicable to teachers unless they have duties that fall within the administrative or supervisory functions.
In like fashion, R.C. 3517.01(B)(13), which defines "public offices and employees" as done in R.C. 102.01, refers to campaign and political parties and places restrictions on public officers, none of which apply to teachers.
This is why the case before us appears to be somewhat of a paradox.
In the several cases reported from the Ohio Supreme Court as cited in the majority opinion, State ex rel. Platz v. Mucci (1967),10 Ohio St.2d 60 and State ex rel. City of Garfield Heights v.Nadratowski (1976), 46 Ohio St.2d 441, for example, the court's decisions appear to conflict with the seemingly plain language of the Revised Code.
In Platz, the court considered the quo warranto action of a Wickliffe resident, elected to the Wickliffe City Council, who, like Smith, taught school in a city outside Wickliffe. The council refused to seat him because of a city charter provision strikingly similar and virtually identical to that now used by the City of Bay Village in its charter.
The court denied the quo warranto writ and stated in its opinion:
 A statute prohibiting a city councilman from holding office in or being employed by and paid wages or salary by any other unit of government which raises its operating budget by public taxation has been held to have a valid public purpose. See Doyle v. Dearborn, 370 Mich. 236, 121 N.W.2d 473.
 It appears that the classification in the instant case has a reasonable basis.
And, in State ex rel. Garfield Heights v. Nadratowski, 46 Ohio St.2d 441, where the court considered the matter of a Garfield Heights school teacher who had been elected to, but denied the opportunity to serve on, city council due to a similar charter restriction on other public employment, the court stated at 443:
 Disposition of this case is made upon the basis of State, ex rel. Platz, v. Mucci (1967), 10 Ohio St.2d 60, on both the question of whether a public school teacher is in public employment and whether a charter provision prohibiting a member of council from holding "other public office or public employment" is constitutional. Thus, we hold that a public school teacher receiving a salary supported by tax moneys is in other public employment, and the creation of a class prohibited as to "public employment" has a reasonable basis so as to be within the equal protection clause of the federal Constitution.
Hence, the apparent contradiction between the statute and the case authority is just that: an apparent contradiction. A school teacher is in public employment but, for the limited statutory purpose of filing campaign reports or making financial disclosures required by the Ethics Commission, as required by Chapter 3517. and Chapter 102. of the Revised Code, teachers, other than those in administrative or supervisory positions, are excluded.
The dispositive section of the code, R.C. 3307.01(B), defines "teachers" to include:
 * * * any person paid from public funds and employed in the public schools of the state under any type of contract described in § 3319.08 of the Revised Code * * *
Accordingly, for the reasons stated, I concur with the judgment entered in this case.