## CHARLESTON.

State *ex rel.* Pauline Hott, *et al.,*
State *ex rel.* Edith Bradfield, *et al.*

*v.*

Arthur Z. Ewers, *et al.*

(Nos. 6334-6335.)

Submitted September 5, 1928. Decided September 11, 1928.

*Charles N. Finnell,* and *J. L. Lehman, for relators.*
*McCauley, Zimmerman & McCauley,* and *Charles Ritchie,*
for respondents.

HATCHER, JUDGE:

In each of these cases it appears that the petitioners received majorities of the votes cast at the last primary election for women members of the Republican County Executive Committee in their respective districts in Hampshire County. In neither case, however, had the petitioners announced their candidacy prior to the election, and their names were written upon the ballots by the voters. The Board of Canvassers refused to count such ballots in their behalf, and this proceeding is brought to compel it to do so.

Counsel for petitioners rightly concede that under the provisions of the Primary Election Law in West Virginia such votes should not be counted for one who is merely nominated for some office at such election. *Ex rel. Lewis* v. *Commissioners,* 82 W. Va. 645; *Ex. rel. Lamb* v. *Commissioners,* 82 W. Va. 752. But they point to the fact that members of an executive committee are elected at a primary election, and contend that the requirements as to candidates seeking nomination at a primary have no application to candidates for election. As to the latter, they say the general election laws should apply

which do permit the voter to writ on the ballot the name of a person for an office who has not theretofore announced himself as a candidate. See Code, chapter 3, section 26a (24) and section 34.

Section 1 of chapter 26 of the Acts of 1915 (which is sec. 26-a (1), chapter 3, Code, 1923), legislated that ''hereafter the members of * * * * county executive committees * * * * shall be chosen, and all candidates of political parties to be voted for by the people (except candidates for judges * * *) shall be nominated at a direct primary election, held in accordance with this act.'' Section 8 of the Act as amended by Acts 1916, chapter 5, and 1919, chapter 28 (section 26-a (8) Code), provides as follows:

> ''Any person who is eligible to hold any office (including member of State or a County Executive Committee), may file with the clerk of the circuit court * * * * a certificate declaring himself a candidate for the nomination for such office, which certificate shall be in form or effect as follows: (Here follows form of certificate). Such announcement shall be signed by the candidate before some officer qualified to administer oaths, who shall certify the same, provided, that no person may be a candidate for nomination to office in any political party, unless it be openly known that such person is a bona fide member of such party. Such certificate shall be filed at least thirty days before the Primary Election day.''

While this section refers specifically to ''a candidate for the nomination,'' yet its express inclusion of a committeeman with persons who may file certificates, etc., clearly signifies that the legislature meant the requirements of the section to apply to candidates for committeemen just the same as to other candidates. To hold otherwise would render the reference to a member of an executive committee, meaningless. The cases above referred to hold that the provisions of the statute as to the filing of a certificate of candidacy are mandatory in case of a candidate for nomination. Consistency in statutory construction demands that we also hold them mandatory as to candidates for executive committees. The

petitioners were not chosen *in accordance with the act* as required by section 1, *supra*. Therefore they are without clear legal right to the writs they seek. The writs will accordingly be refused in each case.

*Writs refused.*