NICHOLS, J., of the Seventh Appellate District, sitting by designation in the Second Appellate District.

LOFTIN, APPELLANT, *v.* LOEW'S, INC., APPELLEE.

(No. 3680—Decided November 27, 1944.)

*Mr. Stanley Denlinger,* for appellant.
*Messrs. Wise, Roetzel & Maxon,* for appellee.

DOYLE, J. The sole question before this court in this appeal on questions of law from the Court of Common Pleas of Summit county is whether Section 12941, General Code (civil rights statute), provides a liability as a "penalty or forfeiture," or whether it

creates a liability "other than a forfeiture or penalty."
If the liability is of the former class, the statute (Section 11225, General Code) provides that the action
"shall be brought within one year after the cause
thereof accrued." If the liability is of the latter
class, such action "shall be brought within six years
after the cause thereof accrued" (Section 11222, General Code).

The original civil rights act specifically designated
the liability created as a "forfeit." 81 Ohio Laws, 15,
Section 2. The amendment of Section 2 of the act ten
years later, 91 Ohio Laws, 17, carried the same designation. And the act carried in the Revised Statutes
likewise used the word "forfeit."

By virtue of legislative action, there was created
in 1906 a codifying commission "for the revision and
consolidation of the statute laws of Ohio." As an indication of the intent of the Legislature in providing
for such commission, its language is here quoted:

"The said commissioners shall bring together all
the statutes and parts of statutes relating to the same
matter, * * * making alterations to harmonize the statutes with the constitution as construed by the courts,
reconcile contradictions, supply omissions, and amend
imperfections in the original acts, so as to reduce
the general statutes into as concise and comprehensive a form as is consistent with clear expression
of the will of the general assembly, rejecting all equivocal and ambiguous words, and circuitous, and tautological phraseology."

The codification after completion by the commission
was adopted by the General Assembly in 1910, and the
statutes included therein were given the authority of
an original enactment.

The civil rights legislation heretofore noted was separated and set out under Code Sections 12940 and
12941. The legislation as codified did change somewhat the phraseology of the original enactments, but

did not change the substantive law. There was deleted, however, the word "forfeit," and the statute was made to read: "Whoever violates the next preceding section *shall also pay* not less than fifty dollars nor more than five hundred dollars to the person aggrieved thereby * * *," as compared with the former language: "* * * *shall* * * * *forfeit and pay* a sum not less than fifty ($50) dollars nor more than five hundred ($500) dollars to the person aggrieved thereby * * *." (Italics ours.)

Adopting the established rule of statutory construction that "where the entire legislation affecting a particular subject-matter has undergone revision and consolidation by codification the revised sections will be presumed to bear the same meaning as the original sections, and will be so construed, unless it appears that a change was intended by the legislature" (37 Ohio Jurisprudence, Statutes, Section 429), to the problem under consideration, it is the judgment of the members of this court that the legislation as codified does not change the liability created from that of a penalty and forfeiture, which is so specifically set out in the original enactments.

A court is only warranted in holding the construction of a statute, which has undergone revision and codification, to be changed, when the intent of the Legislature to make such change is clear; and the addition or omission of words does not necessarily require a change of construction unless the intent to give to the new act a different effect from the old should be clearly manifested. There is no such manifestation here present.

It is therefore determined that the one-year statute of limitations applies, and the judgment of the lower court must be affirmed.

*Judgment affirmed.*

STEVENS, P. J., and WASHBURN, J., concur.