Ulysses J. **WIMBUSH**, Plaintiff,

v.

**FROUG'S COMPANY**, Inc., a/k/a Froug's
(The Froug Company, Inc.),
Defendant.

No. 71–C–257.

United States District Court,
N. D. Oklahoma,
Civil Division.

Feb. 24, 1972.

Caesar C. Latimer, Tulsa, Okl., for plaintiff.

David L. Fist, Coleman Robison, Tulsa, Okl., for defendant.

ORDER

DAUGHERTY, District Judge.

Defendant moves the Court to strike Plaintiff's allegations stating a cause of action under 42 U.S.C.A. § 2000e for the reason Plaintiff has failed to comply with the time limitations set out in 42 U.M.S.C.A. § 2000e–5(b) and (d). Plaintiff's Complaint alleges that he was fired on account of his race on April 24, 1970 by the Defendant. On July 31, 1970, Plaintiff filed a complaint with the Oklahoma Human Rights Commission claiming the discrimination here alleged. This was a filing with an authorized State authority under 42 U.S.C.A. § 2000e–5(b). Before the sixty day period prescribed by 42 U.S.C.A. § 2000e–5(b) terminated and before the state proceedings terminated, Plaintiff also filed a similar complaint with the Equal Employment Opportunities Commission (EEOC) on August 20, 1970, twenty days after his state filing. On December 22, 1970, the state proceedings were terminated. EEOC then proceeded in the matter, was unsuccessful and Plaintiff was later given the statutory notice to sue by the EEOC. This suit followed.

Defendant relies on our Circuit's interpretation of 42 U.S.C.A. § 2000e–5(d) in Love v. Pullman Company, 430 F.2d 49 (10 Cir. 1970). This case was reversed by the Supreme Court January 17, 1972, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679, and Plaintiff naturally relies on the reversal. The pertinent statutory provisions are as follows:

"(Where a state procedure exists), no charge may be filed under subsection (a) of this section [i. e., with the EEOC] by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, . . ." 42 U.S.C.A. § 2000e–5(b).

"A charge under subsection (a) of this section [i. e., before the EEOC] shall be filed within ninety days after

the alleged unlawful employment practice occurred, except that in the case of an unlawful employment practice with respect to which the person aggrieved has followed the procedure set out in subsection (b) of this section, such charge shall be filed by the person aggrieved within two hundred and ten days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, which ever is earlier . . ." 42 U.S.C.A. § 2000e–5 (d).

Inasmuch as a state authority existed to handle Plaintiff's claim, he was required by 42 U.S.C.A. § 2000e–5(b) to file his charges with the state authority. 42 U.S.C.A. § 2000e–5(b) does not permit a filing with the EEOC before the expiration of sixty days after state proceedings are commenced. However, Plaintiff filed his complaint with the EEOC before said sixty days had expired from the date of his filing with the state authority, in fact, he filed his charges before the EEOC twenty days after commencement of the state proceedings. The question then is, what is the effect that the only filing ever made before the EEOC was at a time when it was not permitted by statute?

Apparently under Love v. Pullman Company, *supra,* the charge before the EEOC remains in "suspended animation" without action, to await the reviving effect of termination of state proceedings, much as Sleeping Beauty awaits the rejuvenating kiss of Prince Charming. The Supreme Court said in Love v. Pullman, *supra:*

"Further, we cannot agree with the respondent's claim that the EEOC may not properly hold a complaint in 'suspended animation,' automatically filing it upon termination of the state proceedings." 404 U.S. 522 at p. 526, 92 S.Ct. 616 at p. 618.

On the authority of Love v. Pullman Company, *supra,* and notwithstanding

statutory language, Plaintiff is entitled to accomplish an early filing with EEOC. EEOC is then entitled, according to said decision, to hold such premature filing in "suspended animation" without action and revive and proceed with the same upon termination of the state proceedings. Also see Vigil v. American Telephone and Telegraph Company, 455 F.2d 1222 (10 Cir. 1972) released by our Circuit on February 18, 1972.

Defendant's Motion to Strike must be denied.