Luther HOLLY, Plaintiff,

v.

**ALLIANCE RUBBER COMPANY,**
Defendant.

Civ. A. No. C 73-1186 Y.

United States District Court,
N. D. Ohio, E. D.
June 27, 1974.

Eugene Sidney Bayer, Cleveland, Ohio, for plaintiff.

John M. Alexander, Weiner, Orkin & Abbate, Shaker Heights, Ohio, for defendant.

## ORDER

CONTIE, District Judge.

Defendant Alliance Rubber Company has moved this Court, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss plaintiff's complaint. Upon consideration and for the reasons stated below the motion is denied.

This action was instituted under 42 U.S.C. §§ 1981, 1983 and 2000e for in-

junctive relief and damages for alleged employment discrimination. In its Order of May 13, 1974, the Court: (1) dismissed all plaintiff's claims under 42 U.S.C. § 2000e (hereinafter Title VII), except insofar as they allege that defendant maintains a discriminatory policy of terminating the employment of black persons, including lay off and failure to recall; (2) dismissed the Section 1983 claim; (3) dismissed all claims under Section 1981 except that regarding discriminatory termination of employment as above defined; and (4) ruled that plaintiff may, if the requirements of Rule 23, Federal Rules of Civil Procedure, are present, maintain this case as a class action on the remaining claims.

In its motion, defendant challenges this Court's subject matter jurisdiction of plaintiff's Title VII claim, and asserts that the Title VII claim and the Section 1981 claim are barred by the relevant statutes of limitation.

## I.

Defendant challenges the subject matter jurisdiction of plaintiff's Title VII claim on the grounds that the Equal Employment Opportunity Commission (hereinafter E.E.O.C.) never properly assumed jurisdiction. Plaintiff executed a complaint to the E.E.O.C. on June 17, 1970. The E.E.O.C. deferred to the Ohio Civil Rights Commission (hereinafter O.C.R.C.) on July 27, 1970, and the complaint was filed with that body on August 17, 1970. The complaint was then filed with the E.E.O.C. on September 28, 1970.

Defendant argues that since the complaint was filed before the expiration of the sixty day waiting period and before the O.C.R.C. terminated its proceedings, the filing on September 28, 1970 was in contravention of the explicit provisions of Section 2000e–5(c), and therefore the E.E.O.C. never assumed jurisdiction. For this reason, defendant contends this Court lacks jurisdiction over plaintiff's Title VII claim.

Although plaintiff urges that the O.C.R.C. had in fact terminated its proceedings prior to September 28, 1970, there is little evidentiary support in the record for this conclusion. However, the Court concludes that, even assuming that there was no termination of proceedings by the E.E.O.C., a premature filing with the E.E.O.C. does not strip that commission of jurisdiction regarding investigations and other proceedings occurring after the sixty day period expired. Wimbush v. Froug's Company, Inc., 339 F.Supp. 185 (1972). See also Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972).

Defendant next challenges jurisdiction on the grounds that the right to sue notice received by plaintiff was signed by the District Director without valid authority from the Commission and was, therefore, itself invalid. In support of this proposition, defendant cites McDonald v. General Mills, Inc., 7 E.P.D. ¶ 9100, 7 F.E.P. Cases 66 (E.D.Cal. January 21, 1974).

In *McDonald*, the court held that the plaintiff had failed to meet her burden of proof as to the court's subject matter jurisdiction. The basis for this holding was, that although the E.E.O.C. could delegate its authority to issue right to sue letters to district directors, the regulations delegating said authority were probably invalid for failure to comply with the Federal Freedom of Information Act, 5 U.S.C. § 552, and that, therefore, the right to sue letter issued in that case was also probably invalid.

It should be noted that on March 12, 1974, the E.E.O.C. issued a "Formal Ratification of Issuance of Notices of Right to Sue", 39 Fed.Reg. 10178, which states:

"Notice is hereby given that the Equal Employment Opportunity Commission at a Commission meeting on March 12, 1974, formally ratified the acts of the District Directors of E.E.O.C. District Offices in issuing Notices of Right-to-Sue pursuant to Commission practice instituted on October 15, 1969, and continued to the present."

■ The Court concludes that, whether or not the District Director had authority pursuant to valid regulations to issue the right to sue letter in this case, the plaintiff's right to maintain this action cannot be prejudiced by this possible technical defect in E.E.O.C. procedure. This conclusion flows from the purpose of the Freedom of Information Act (hereinafter F.I.A.), the purpose of the right to sue notice, and from general equitable concepts.

■ The primary purpose of the F.I.A. is to protect the public from unwarranted governmental secrecy. Getman v. N.L.R.B., 146 U.S.App.D.C. 209, 450 F.2d 670 (1971); Bristol-Meyers Company v. F.T.C., 138 U.S.App.D.C. 22, 424 F.2d 935 (1970). To construe this Act so as to penalize a Title VII claimant is plainly inconsistent with the remedial purpose.

■ The purpose of the right to sue letter is to notify a claimant of his rights and to commence the ninety day period in which suit may be brought. This purpose was served in this case regardless of the existence of any technical defects in the E.E.O.C.'s delegation of authority to its district directors.

■■ Finally, there is a well established doctrine that "the action or inaction of the EEOC cannot affect the grievant's substantive rights under the statute." Miller v. International Paper Company, 408 F.2d 283, 291 (5 Cir. 1969). The basis of this doctrine is the equitable notion that where a plaintiff has exhausted his administrative remedies and satisfied the requirements of Title VII, he should not be denied judicial relief because of circumstances over which he has no control. See Quarles v. Philip Morris, Incorporated, 271 F.Supp. 842 (D.C., 1967). In the instant case, plaintiff has taken all necessary steps to perfect his right to sue; the Court will not deny him that right.

The Court therefore concludes that it has subject matter jurisdiction over plaintiff's Title VII claim.

## II.

Defendant asserts that plaintiff has not instituted this action within the ninety day period provided in Section 2000e-5(f)(1). Plaintiff alleges that although the E.E.O.C. sent its right to sue notice on August 13, 1973, plaintiff did not receive it until August 21, 1973. Suit was filed on November 13, 1973.

■ Plaintiff had ninety days from the date of receipt of the notice in which to file this suit. See Cunningham v. Litton Industries, 413 F.2d 887 (9 Cir. 1969); Miller v. International Paper Co., 408 F.2d 283 (5 Cir. 1969). As defendant has not challenged the date of receipt of the notice, for the purposes of this motion, the Court must accept that date. Since this action was brought within ninety days of plaintiff's receipt of the right to sue notice, ·his action is not barred.

## III.

Defendant finally argues that plaintiff's Section 1981 action is barred by the applicable Statute of Limitations.

■ The law is clear that in this Section 1981 action, the Court must look to Ohio law to determine the Statute of Limitations an Ohio court would enforce in an action seeking similar relief. Garner v. Stephens, 460 F.2d 1144 (6th Cir. 1972). Defendant contends that this Section 1981 claim is an action for penalty, and therefore governed by Section 2305.11 of the Ohio Revised Code. This section, in pertinent part, provides:

"An action . . . upon a statute for a penalty or forfeiture . . . by an employee . . . shall be brought within two years after the cause thereof accrued."

■ In support of this contention, defendant points to Loftin v. Loew's Inc., 75 Ohio App. 448, 62 N.E.2d 535 (1944). Therein the court held that the liability created by the Ohio civil rights statute then in effect, General Code Sections 12940 and 12941, was a penalty within the meaning of the predecessor

of O.R.C. § 2305.11. However, it should be noted that the civil rights act there in question provided for minimum and maximum amounts for liability. It was therefore reasonable to construe that statute as providing for a penalty. Section 1981 contains no such provisions; rather it seeks to compensate actual damages suffered. As this section does not provide for liability by penalty, O.R.C. § 2305.11 is inapplicable.

This Section 1981 action is for the breach of a contract not in writing, and therefore O.R.C. § 2305.07 controls; this section provides a six year statute of limitations. This action was commenced within this period, and it is therefore timely.

## IV.

Defendant's motion to dismiss is hereby denied. Plaintiff is given leave to amend his complaint to conform the filing dates of his charges to the E.E.O.C. and O.C.R.C. to the dates demonstrated on the record. Plaintiff is also directed to submit within thirty days a motion for class certification.

It is so ordered.