BENNETT, APPELLANT, *v.*
CELEBREZZE, ATTY. GEN., ET AL.,
APPELLEES.

(No. 4050 — Decided December 24, 1986.)

*Scott F. Serazin,* for appellant.
*Gregory A. White,* prosecuting attorney, *pro se.*
*Anthony J. Celebrezze, Jr.,* attorney general, and *Andrew I. Sutter,* for Ohio Attorney General.

GEORGE, J. Plaintiff-appellant, Gary C. Bennett, had been an assistant prosecuting attorney in Lorain County for five years when he was elected to the Elyria City Board of Education on November 5, 1985. Pursuant to R.C. 3313.13, Gregory A. White, prosecuting attorney and defendant-appellee in this case, relieved Bennett of employment with the prosecutor's office.

Bennett filed suit, seeking declaratory relief as to the application of R.C. 3313.13 to an assistant pros-

ecuting attorney who is under no duty to provide any legal services to a city school board. The trial court found that the statute prohibited Bennett from holding both positions. The court also ruled that the statute was constitutional.

R.C. 3313.13 reads in its entirety:

"No prosecuting attorney, city director of law, or other official acting in a similar capacity shall be a member of a board of education."

Bennett raised two arguments below: (1) that the statute violated his constitutional right to equal protection under the law, and (2) that the statute had been erroneously reproduced in the 1943 recodification, resulting in a change in its meaning contrary to the original legislative intent. He raises the same issues upon appeal. This court affirms the trial court's judgment.

Assignment of Error No. 1

"The trial court erred in refusing to rule that Section 3313.13 of the Ohio Revised Code is an unconstitutional violation of appellant's right to equal protection under the law."

Bennett contends the statutory prohibition violates his equal protection rights under the Fourteenth Amendment to the United States Constitution and Section 2, Article I of the Ohio Constitution. He claims the provision creates an unreasonable classification which is overly inclusive and infringes upon his property interest in maintaining employment and his liberty interest in holding public office.

"* * * Legislatures are ordinarily assumed to have acted constitutionally. Under traditional equal protection principles, distinctions need only be drawn in such a manner as to bear some rational relationship to a legitimate state end. Classifications are set aside only if they are based solely on reasons totally unrelated to the pursuit of the State's goals and only if no grounds can be conceived to justify them.* * *" *Clements* v. *Fashing* (1982), 457 U.S. 957, 963.

Contrary to Bennett's assertions, there is no fundamental right to hold public office. The existence of barriers to a candidate's access to the ballot "does not of itself compel close scrutiny." *Bullock* v. *Carter* (1972), 405 U.S. 134, 143.

In *State, ex rel. Platz*, v. *Mucci* (1967), 10 Ohio St. 2d 60, 39 O.O. 2d 48, 225 N.E. 2d 238, the Supreme Court upheld as constitutional a charter provision that prohibited a city council member from holding any other public office or public employment. Legislative bodies may impose certain basic qualifications upon those seeking public office, the court said, so long as the legislative classification is clear, rests on reasonable ground and affects all persons in the class equally. *Id.* at 61, 39 O.O. 2d at 49, 225 N.E. 2d at 240.

Establishment of public policy for the state is a function of the state legislature, which speaks through its enactments. Technical rules of construction should not be employed to overthrow the manifest policy of the state. *State, ex rel. Enos,* v. *Stone* (1915), 92 Ohio St. 63, 69, 110 N.E. 627, 629.

Here, the legislature could reasonably have concluded that the prohibition was necessary to prevent the appearance of impropriety. Such a statute can be a rational means of maintaining employee efficiency and avoiding any possible conflicts of interest likely to be destructive of public confidence in government. Bennett's first assignment of error is overruled.

Assignment of Error No. 2

"In light of the foregoing arguments, the trial court should have ruled that Section 3313.13 should be

construed to apply only to a prosecutor or director of law who has a duty to represent the board of education under Section 3313.35."

Bennett argues that R.C. 3313.13 as it currently appears in the code is broader in scope than originally intended by the legislature and that this broadening occurred inadvertently during the 1943 recodification of public school laws. Bennett contends the earlier versions of this particular provision of the code prevented prosecuting attorneys and city solicitors simply from serving only on those boards of education that they were required by law to represent. The legislature, he argues, could never have intended to prohibit prosecuting attorneys, city solicitors and their staff attorneys from serving on any and all boards of education. Thus, he maintains the statute should be construed as originally intended.

With the adoption of House Bill No. 217 in 1943, the legislature changed a single word in the section in question. The section previously read:

"* * * No prosecuting attorney, city solicitor or other official acting in a similar capacity shall be a member of *the* board of education. * * *" (Emphasis added.) (G.C. 4762.)

The newly adopted section read:

"No prosecuting attorney, city solicitor or other official acting in a similar capacity shall be a member of *a* board of education." (Emphasis added.) See 120 Ohio Laws 475, 518 (G.C. 4832-12).

Bennett argues that where the entire legislation affecting a particular subject matter has undergone revision and consolidation by codification, the revised section will be presumed to bear the same meaning as the original sections, unless it is clearly manifested that the legislature intended a change. *Loftin* v. *Loew's, Inc.* (1944), 75 Ohio App. 448, 31 O.O. 267, 62 N.E. 2d 535.

He contends that there was no indication the legislature intended to make such a change; if it had, it would have used the word "any" in place of "a."

Courts are limited to the construction and interpretation of statutes as written. *State, ex rel. Myers,* v. *Chiaramonte* (1976), 46 Ohio St. 2d 230, 238, 75 O.O. 2d 283, 287, 348 N.E. 2d 323, 328. If the statute as written conveys a meaning which is clear, unequivocal and definite, the statute must be applied accordingly and no interpretation is required. *Provident Bank* v. *Wood* (1973), 36 Ohio St. 2d 101, 105-106, 65 O.O. 2d 296, 298, 304 N.E. 2d 378, 381. A court cannot read something into the statute which cannot be reasonably inferred from the language. *In re McTaggart* (1965), 4 Ohio App. 2d 359, 369, 33 O.O. 2d 447, 453, 212 N.E. 2d 663, 669.

There is no ambiguity here. The words, in their common and ordinary sense, can have but one meaning. That the meaning is undeniably clear is demonstrated by the fact that the statute has not previously been challenged in the forty-three years it has been in existence.

Furthermore, the Ohio Attorney General in 1969, asked if an assistant prosecuting attorney could run for a school board seat, commented:

"In reading this statute, it is obvious that a prosecuting attorney shall not be a member of *any* board of education. * * *" (Emphasis added.) 1969 Ohio Atty. Gen. Ops. No. 69-133, at 2-291.

While the possibility of inadvertent error in recodification was not raised to the Attorney General, it is still worth noting that the Attorney General read the words of the statute literally and saw no other interpretation. An assistant prosecuting attorney, appointed to assist the elected official named in the statute, also comes within the statute, he ruled.

The construction of a statute by those charged with its execution should be followed unless there are compelling indications that such construction is wrong. *E. I. du Pont de Nemours & Co. v. Collins* (1977), 432 U.S. 46, 54-55. Here, the statute has stood, uncontested until now, for forty-three years. Absent any compelling indication of contrary legislative intent, the plain meaning of the words will prevail. Bennett is precluded by R.C. 3313.13 from holding both positions. The second assignment of error is overruled and the judgment of the trial court affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.