367 S.E.2d 225

**Arnetta CARR, Petitioner,**

**v.**

**Paul LAMBERT, Clerk of the Circuit Court of McDowell County; George Sneed and R.H. Ruff, Ballot Commissioners, and Sid Bell, Respondents.**

**No. 18274.**

Supreme Court of Appeals of West Virginia.

March 14, 1988.

**278**

Harry G. Camper, Jr., Welch, for Arnetta Carr.

McHUGH, Chief Justice:

This case is before this Court upon a writ of mandamus wherein the petitioner, Arnetta Carr, seeks to compel the members of the Board of Ballot Commissioners of McDowell County from proceeding to process respondent Sid Bell's certificate of candidacy for the McDowell County Board of Education and to omit his name on the ballot for that office at the May 10, 1988 primary election.[1] Other named respondents in this action include Paul Lambert, Clerk of the Circuit Court of McDowell County, and George Sneed and R.H. Ruff, members of the McDowell County Board of Ballot Commissioners. After reviewing the petition and the note of argument filed in support of it, we conclude that the writ should be granted.

## I

The pertinent facts in the case before us are uncontroverted and can be succinctly stated. On January 25, 1988, the respondent, Sid Bell, filed a certificate of announcement as a candidate for election to the McDowell County Board of Education. He was at that time, and continues to serve as, an assistant prosecuting attorney in McDowell County, which is a part-time appointed position.

The respondent has indicated by affidavit that he will not resign his position as assistant prosecuting attorney if elected to the board of education. Should this Court find that his current position as an assistant county prosecutor renders him ineligible to serve as a member of that county's board of education, the respondent has indicated that he would remain as an assistant prosecutor and decline to accept the position on the board of education.

## II

The sole issue presented for our consideration in this proceeding is whether the position of assistant prosecuting attorney is a "public office" within the meaning of *W.Va.Code*, 18–5–1a [1967], thereby ren-

---

1. At the outset, we note that this case was originally brought before this Court and granted upon the petitioner's application for a writ of prohibition.

   However, *W.Va.Code*, 3–1–45 [1963] provides for court proceedings to compel performance by officers and persons charged with duties under the "West Virginia Election Code," including county ballot commissioners. *See White v. Manchin*, 173 W.Va. 526, 532, 318 S.E.2d 470, 476 (1984). In pertinent part, the statute instructs: "Any officer or person, upon whom any duty is devolved by this chapter, ["West Virginia Election Code"] may be compelled to perform the same by writ of mandamus.... A mandamus shall lie from the supreme court of appeals ... to compel any officer herein to do and perform legally any duty herein required of him."

   In this regard, this Court held in syllabus point 1 of *State ex rel. Summerfield v. Maxwell*, 148 W.Va. 535, 135 S.E.2d 741 (1964):
      The eligibility of a candidate for an elective office may be determined in a proceeding in mandamus and, upon a determination therein that a candidate is ineligible to be elected to or to hold the office for which he seeks nomination or election, a writ of mandamus will issue directing the board of ballot commissioners to strike or omit such candidate's name from the primary or general election ballot.
   *See also* syl. pt. 2, *White v. Manchin, supra; State ex rel. Rushford v. Meador*, 165 W.Va. 48, 49 n. 1, 267 S.E.2d 169, 170 n. 1 (1980); syl. pt. 1, *Benson v. Robertson*, 159 W.Va. 674, 226 S.E.2d 447 (1976). After careful consideration, we choose to treat this case as a proceeding in mandamus.

dering the respondent ineligible to serve as a member of that county's board of education.

*W.Va.Code,* 18–5–1a [1967] discusses the eligibility requirements for membership on any county board of education and provides:

No person shall be eligible for membership on any county board of education who is not a citizen, resident in such county, or who accepts a position as teacher or service personnel in any school district, or who is an elected or an appointed member of any political party executive committee, or who becomes a candidate for any other office than to succeed himself.     .

*No member or member-elect of any board of education shall be eligible for nomination, election or appointment to any public office, other than to succeed himself, or for election or appointment as a member of any political party executive committee, ...*

(emphasis added)

In syllabus point 5 of *State ex rel. Carson v. Wood,* 154 W.Va. 397, 175 S.E.2d 482 (1970), we noted that there are several indicia of being a "public officer":

Among the criteria to be considered in determining whether a position is an office or a mere employment are whether the position was created by law; whether the position was designated [as] an office; whether the qualifications of the appointee have been prescribed; whether the duties, tenure, salary, bond and oath have been prescribed or required; and whether the one occupying the position has been constituted a representative of the sovereign.

*See also* syl. pt. 5, *Fraley v. Civil Service Commission,* 177 W.Va. 729, 356 S.E.2d 483 (1987); *Graf v. Frame,* 177 W.Va. 282, 286, 352 S.E.2d 31, 35 (1986); syl., *Christopher v. City of Fairmont,* 167 W.Va. 710, 280 S.E.2d 284 (1981).

At the outset, we note that this Court has recognized that the office of prosecuting attorney is a constitutionally created public office. *State ex rel. Preissler v. Dostert,* 163 W.Va. 719, 730, 260 S.E.2d 279, 286 (1979). Pursuant to *W.Va.Code,* °7–7–8 [1987], an assistant prosecuting attorney is clothed with the same powers and duties as his principal. Applying the criteria set forth above, obviously the office of assistant prosecuting attorney is a position created by law, specifically, *W.Va.Code,* 7–7–8 [1987],[2] and one designated implicitly as a public office pursuant to that statute. *See Fraley v. Civil Service Commission, supra,* 177 W.Va. at 733, 356 S.E.2d at 487. *W.Va.Code,* 7–7–8 [1987] also requires that assistant prosecutors must qualify as practicing attorneys and must take the same oath prescribed for the prosecutor. *See* note 2, *supra.* Although the statute does not particularly prescribe the tenure of assistant prosecuting attorneys, it nevertheless mandates that each assistant will serve at the will and pleasure of the prosecutor subject to his removal from office by the circuit court of the county in which he is appointed for any cause for which his principal might be removed. *W.Va.Code,* 7–7–8 [1987] also indicates that the salary of an assistant prosecuting attorney shall include "compensation provided by law for any services he [or she] renders as attorney for any administrative board or officer of his [or her] county."

Our research reveals that at least one jurisdiction has considered the narrow is-

---

2. *W.Va.Code,* 7–7–8 [1987] provides in pertinent part:

The prosecuting attorney of each county may, in accordance with and limited by the provisions of section seven of this article, appoint practicing attorneys to assist him in the discharge of his official duties during his term of office. Any attorney so appointed shall be classified as an assistant prosecuting attorney and shall take the same oath and may perform the same duties as his principal. Each assistant shall serve at the will and pleasure of

his principal and may be removed from *office* by the circuit court of the county in which he is appointed for any cause for which his principal might be removed.

. . . .

The compensation to be paid to an assistant prosecuting attorney shall include compensation provided by law for any services he renders as attorney for any administrative board or officer of his county. . . .

(emphasis added)

sue facing us today. Recently, in a case factually similar to the one now before us, the Ohio Court of Appeals considered the constitutionality of a state statute which operated to prohibit an assistant prosecuting attorney from serving as an elected member to a municipal board of education in *Bennett v. Celebrezze,* 34 Ohio App.3d 260, 518 N.E.2d 25 (1986).[3] In *Bennett,* the appellant, an assistant county prosecuting attorney, was relieved of his employment with the prosecutor's office when he was elected to serve as a member of a city board of education. The appellant filed suit seeking declaratory relief as to the application of the pertinent statute, note 3, *supra,* to an assistant prosecuting attorney who is under no duty to provide any legal services to a city school board. The appellant further contended that the applicable statute violated his constitutional right to equal protection under the law.

In upholding the statute under the appellant's equal protection challenge, the court of appeals, in syllabus point 2 of its opinion, held that legislative bodies may impose certain basic qualifications upon those seeking public office, provided that the legislative classification is clear, rests on reasonable grounds and affects all persons in the class equally. The court of appeals recognized that a probable legislative conclusion in enacting the statute was the legislature's belief that the prohibition was necessary to prevent the appearance of impropriety. Such a statute, the court ob-

served, can be a rational means of maintaining employee efficiency and avoiding any possible conflicts of interest likely to be destructive of public confidence.

Based upon the foregoing, we hold that the position of assistant prosecuting attorney is an appointed public office and, pursuant to *W.Va.Code,* 18–5–1a [1967], a person holding such office is ineligible to serve as a member of any county board of education.[4]

Our holding today is buttressed by the fact that the position of assistant prosecuting attorney and membership on any county board of education are incompatible. Generally, incompatibility exists whenever the statutory functions and duties of the offices conflict or require the officer to choose one obligation over another. 63A Am.Jur.2d *Public Officers and Employees* § 78 (1984); 67 C.J.S. *Officers* § 27a (1978). Incompatibility is recognized whenever one office is subordinate to the other in some of its principal duties and subject in some degree to the other's revisory powers. 63A Am.Jur.2d *Public Officers and Employees* § 80 (1984); 67 C.J.S. *Officers* § 27a (1978).

In the case before us, the potential exists for a conflict between the respondent's statutory duties as an assistant prosecuting attorney and his prospective duties as a possible member of the board of education. *W.Va.Code,* 7–4–1 [1971] specifies the duties of a county prosecuting attorney and provides in pertinent part: "It shall ... be

---

**3.** The statutory provision discussed in *Bennett v. Celebrezze, supra, Ohio Rev.Code Ann.* § 3313.13 (Anderson 1985), provides: "No prosecuting attorney, city director of law, or other official acting in a similar capacity shall be a member of a board of education."

We note that *Bennett v. Celebrezze, supra* is distinguishable from the case before us in that the statutory language embodied in *Ohio Rev. Code Ann.* § 3313.13 (Anderson 1985) is the converse of the language contained in our parallel provision, *W.Va.Code,* 18–5–1a [1967]. Despite this distinction, *Bennett* is useful as persuasive precedent.

The Ohio statutory provision expressly prohibits a prosecuting attorney from serving as a member of a board of education. Our statute, *W.Va.Code,* 18–5–1a [1967], discussed *supra* in the body of this opinion, more clearly prevents members of a board of education from being

appointed to the position of prosecuting attorney or any public office. However, if a member of any board of education is not "eligible for nomination, election or appointment to any public office," it logically follows that a prosecuting attorney or any public officer is not eligible to serve as a member of any board of education.

**4.** We recognize that an assistant prosecutor could run for election to the county board of education, but, if elected, he could not serve without resigning his position as an assistant prosecutor. In view of Mr. Bell's affidavit stating that he will not resign his position as an assistant prosecutor if elected to the board of education, he has in effect invited us to resolve this issue as if he were elected to the school board. This is the reason he asks that his name be removed from the ballot if he cannot hold both positions.

the duty of the prosecuting attorney ... to advise, attend to, bring, prosecute or defend, as the case may be, all matters, actions, suits and proceedings in which such county or any county board of education is interested." Thus, pursuant to *W.Va. Code*, 7–7–8 [1987], as an assistant prosecuting attorney performing "the same duties as his principal," the respondent could be called upon to serve as legal counsel to the board of education, clearly a position subordinate to the board of which he aspires to be a member.

We conclude that the position of assistant prosecuting attorney is a "public office" within the contemplation of *W.Va. Code*, 18–5–1a [1967], thereby rendering the respondent ineligible to serve as a member of any county board of education. The respondent ballot commissioners should not process respondent Bell's certificate of candidacy for the McDowell County Board of Education and should omit his name on the ballot for that office at the May 10, 1988 primary election.

For the foregoing reasons, the writ is granted.

Writ granted.