394 S.E.2d 89

**Sam MacCORKLE**

v.

**Ken HECHLER, Secretary of State.**

**No. 19638.**

Supreme Court of Appeals of West Virginia.

June 8, 1990.

Edward ReBrook, III, Charleston, for Sam MacCorkle.

Roger W. Tompkins, Atty. Gen., Robert E. Wilkinson, Sp. Asst. Atty. Gen., Charleston, for Ken Hechler.

McHUGH, Justice:

This original proceeding in mandamus involves the issue of whether the provisions of *W. Va. Code*, 3–6–5 [1978], authorizing a voter to write in votes in a general election, should apply to the election of political party executive committee members since these members are elected in a primary election rather than a general election.

On May 4, 1990, the petitioner, Sam Mac-Corkle, filed a petition requesting that this Court issue a peremptory writ of mandamus to compel the respondent, the Secretary of State, to allow voters in the primary election to vote by "write in" for persons to be elected to a political party executive committee. Due to the urgent nature of the relief sought, this Court, on May 7, 1990, entered an order granting the petitioner's request for a writ of mandamus. In this opinion, we set forth syllabus points and the reasons for the decision in that order.

The petitioner contends that members of the political party executive committee are elected at the primary election, and therefore, the provisions of *W. Va. Code*, 3-6-5 [1978] authorizing a voter to write in votes in a general election should apply rather than the provisions of *W. Va. Code*, 3-5-1, *et seq.* relating to primary elections. The respondent, however, maintains that under this Court's holding in *State ex rel. Hott v. Ewers*, 106 W.Va. 18, 144 S.E. 578 (1928), members of a party executive committee may not be elected by write-in votes.

In *Hott*, the petitioners were elected to the Republican County Executive Committee in their respective districts by write-in votes. The board of canvassers, however, refused to count those ballots and the petitioners sought a writ of mandamus to compel it to do so. The petitioners pointed out that members of an executive committee are elected at a primary election, and therefore, the requirements as to candidates seeking nomination at a primary have no application to candidates for election. 106 W.Va. at 19, 144 S.E. at 578. Following a brief discussion, the Court, however, rejected this argument and held that the provisions of the statute relating to the announcement of candidates in a primary election apply to a candidate for a member of a county executive committee. The Court in *Hott*, 106 W.Va. at 20, 144 S.E. at 578, reasoned that because the predecessor to *W. Va. Code*, 3-5-6 [1978] provided that candidates for election to county executive committees must file their announcements for candidacy in the same manner as candidates for nomination to elected public offices, the election of those candidates are to be considered primaries for purposes of application of *W. Va. Code*, 3-6-5 [1978] which permits "write-in" voting in only "general and special elections."

The Court's reasoning in *Hott*, however, is flawed in two respects. First, for purposes of the election of county executive committees, there is no primary election. *W. Va. Code*, 3-1-9 [1978] ("At the ... primary election ... voters in each magisterial district or executive committee district, as the case may be, of the county shall elect one male and one female member of

the party's county executive committee....."). As the respondent concedes in the present action, "write-in" voting has apparently always been permitted in county board of education races conducted concurrent with the primary election for the nomination of candidates for other public officers under the theory that, for purposes of county board of education races, such election is a "general election."

Second, the Court's analysis in *Hott* contradicts the general rule regarding construction of election statutes that, "[A] liberal application of any statute should be made so as to afford the citizens of this State or any political subdivision thereof an opportunity to vote for the persons of their choice." *State ex rel. Lockhart v. Rogers*, 134 W.Va. 470, 477, 61 S.E.2d 258, 262 (1950); *see also Hasson v. City of Chester*, 67 W.Va. 278, 67 S.E. 731 (1910); Sutherland Stat. Const. § 71.08 (4th ed. 1986).

For example, this Court in *Brannon v. Perkey*, 127 W.Va. 103, 31 S.E.2d 898 (1944), addressed the issue of whether a voter may cast a valid ballot for a person who has not been nominated by one of the statutory methods provided for in the *Code*. In that case, no one had been nominated for the office of city attorney and 24 persons had written in the name of the relator, Linn Mapel Brannon, in the blank spaces on the ballots. The Common Council of the City of Weston maintained, among other things, that the relator was not elected to the office of city attorney since no nomination for that office had been made. After reviewing the applicable statutory and constitutional provisions, this Court stated:

> No statutory provision relative to general elections has been found which indicates a legislative purpose to require a voter to cast his ballot for persons regularly nominated by primary election or other statutory method. It is our thought that a voter should be left free and untrammeled in selecting a person for whom he casts his vote, and no expression contrary to that position is

found in the organic or statutory provisions now in effect in this jurisdiction. 127 W.Va. at 108, 31 S.E.2d at 901.

If there are no candidates seeking to be elected members of the executive committee and write-in votes are not authorized, then vacancies within the executive committee would be filled with persons chosen by the committee rather than by the voters. *See W.Va.Code,* 3-1-9 [1985]. Thus, following the reasoning in *Brannon,* we find that if write-in votes were not permitted for the election of political party executive committee members, voters within certain districts would be deprived of the right to elect persons of their choice to fill positions within those districts.

■ Finally, this Court held in syllabus point 1 of *Benson v. Robertson,* 159 W.Va. 674, 226 S.E.2d 447 (1976): "Mandamus is the proper remedy in this State to compel any officer or person to perform any duty which he is required to perform under the election laws of this State."

■ We conclude, therefore, that there is no statutory authority which would prohibit voters from casting write-in votes for members of the political executive committee since these members are elected in the primary election rather than nominated. Accordingly, we find that the provisions of *W.Va.Code,* 3-6-5 [1978], which authorize a voter to write in votes in a general election, also authorize voters to write in votes for members of the political party executive committee, who are elected in a primary election. To the extent that *State ex rel. Hott v. Ewers, supra,* is inconsistent with this opinion, it is overruled.

Writ granted.