# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Rickey D. Morgan,**
**Petitioner Below, Petitioner**

**vs)    No. 16-0366** (McDowell County 16-C-9)

**Karen Pszczolkowski, Warden,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**

**FILED**

**March 24, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Rickey D. Morgan, pro se, appeals the January 29, 2016, order of the Circuit Court of McDowell County denying his petition for a writ of habeas corpus. Respondent Karen Pszczolkowski, Warden, Northern Correctional Facility, by counsel Nic Dalton, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted for murder in June of 1988. On October 6, 1988, petitioner pled guilty to first-degree murder pursuant to a plea agreement, which provided that the State "will recommend to the [c]ourt that the [c]ourt make a recommendation of mercy when it sentences [petitioner]." The parties' plea agreement stated that petitioner understood the penalty and understood the recommendation of mercy. The circuit court accepted petitioner's guilty plea and sentenced him to a life term of incarceration with the possibility of parole after ten years.[1] The

---

[1]At the time of petitioner's conviction, a defendant convicted of first-degree murder with a recommendation of mercy was required to serve a minimum term of ten years before being eligible for parole. The minimum term has since been increased to fifteen years. *See* 1994 W.Va. Acts ch. 35 (amending W.Va. Code § 62-3-15).

1

circuit court's October 11, 1988, order found that petitioner was advised of the nature and consequences of his plea and that it was knowingly, intelligently, and voluntarily entered. The court's order noted that it was the court's "personal recommendation" that petitioner never be paroled.

On July 7, 2005, in Case No. 05-C-186-S, petitioner filed a petition for a writ of habeas corpus asserting claims that his trial attorney did not provide effective assistance and that the West Virginia Parole Board erred in denying him parole. The circuit court appointed habeas counsel to represent petitioner and held a hearing on January 19, 2006, for the purpose of determining whether his allegations were sufficient to warrant further factual development. Following the hearing, the circuit court summarily denied habeas relief based on petitioner's guilty plea. The circuit court found that, prior to accepting the guilty plea, the court engaged petitioner in a colloquy pursuant to *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), in order to ensure that his plea was knowingly, intelligently, and voluntarily entered. Petitioner's habeas attorney appealed the circuit court's January 19, 2006, order arguing that the circuit court erred in summarily denying habeas relief. On March 17, 2007, this Court refused petitioner's appeal.

On August 14, 2007, in Case No. 07-C-238, petitioner filed a habeas petition raising the same claims on which relief was denied in Case No. 05-C-186-S, but adding the claim that petitioner's guilty plea was not knowingly, intelligently, and voluntarily entered. On December 10, 2007, the circuit court denied habeas relief on the ground that it previously decided the issues raised by petitioner in Case No. 05-C-186-S. Petitioner appealed the circuit court's December 10, 2007, order. On June 17, 2008, this Court refused petitioner's appeal.

On January 26, 2016, in Case No. 16-C-9, petitioner filed a habeas petition alleging that his previous habeas attorney was ineffective in failing to raise the following claims: (1) that the indictment charging petitioner with murder was invalid because the jury commissioners who selected the grand jury that indicted him were not duly appointed; (2) that the assistant prosecuting attorney who negotiated the parties' plea agreement did not have the authority to do so because he was legally ineligible to hold that position; and (3) that the circuit court breached the plea agreement petitioner had with the State by sentencing him to a life term of incarceration *without* the possibility of parole. On January 29, 2016, the circuit court denied habeas relief on the ground that there were petitions on which the court "previously ruled." The circuit court specifically referenced Case No. 07-C-238, in which petitioner's petition stated that he "became eligible for parole in 1998."

On April 15, 2016, petitioner filed an appeal of the circuit court's January 29, 2016, order denying his habeas petition. On both June 13, 2016, and August 25, 2016, petitioner filed a motion for appointment of appellate counsel. We have deferred ruling on those motions and will now address them with the merits of petitioner's appeal.

We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review

2

the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner concedes that, in order to obtain habeas relief, he must show that an exception to the doctrine of res judicata, as enunciated by this Court in *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), applies to his case. In syllabus point 4 of *Losh*, we held that a prior habeas proceeding is res judicata as to all matters raised and as to all matters known, or which with reasonable diligence could have been known, but that a habeas petitioner "may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing . . . or a change in the law, favorable to the applicant, which may be applied retroactively." 166 W.Va. at 762-63, 277 S.E.2d at 608. Respondent asserts that the precedents on which petitioner relies for his claims were not recently decided and that, while petitioner quotes extensively from those decisions, he fails to explain how they apply to his case. Respondent argues, therefore, that petitioner's present claims are frivolous and that his habeas attorney had no obligation to raise such claims. We agree with respondent.

In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (a) counsel's performance was deficient under an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 6, 459 S.E.2d 114, 117 (1995). Petitioner contends that his habeas attorney was ineffective in failing to raise the following claims: (1) that the indictment charging petitioner with murder was invalid because the jury commissioners who selected the grand jury that indicted him were not duly appointed; (2) that the assistant prosecuting attorney who negotiated the parties' plea agreement did not have the authority to do so because he was legally ineligible to hold that position; and (3) that the circuit court breached the plea agreement petitioner had with the State by sentencing him to a life term of incarceration *without* the possibility of parole. Taking the last issue first, we find that the record unequivocally establishes that the circuit court accepted the State's recommendation, provided for in the parties' agreement, to sentence petitioner to a life term of incarceration with the possibility of parole. Therefore, we conclude that petitioner's claim that he is not eligible for parole is frivolous.

Petitioner bases his second claim that counsel for the State did not have the authority to negotiate the plea agreement in his case on our decision in *Carr v. Lambert*, 179 W.Va. 277, 367 S.E.2d 225 (1988). In *Carr*, we held that the assistant prosecuting attorney in petitioner's criminal case, Sid Bell, was ineligible to serve as a member of the McDowell County Board of Education for however long he remained an assistant prosecutor. *Id.* at 281, 367 S.E.2d at 229. As respondent points out, petitioner fails to explain how Attorney Bell's career options invalidated the plea agreement in his case. We note that we subsequently distinguished *Carr* in *State v. Marci*, 199 W.Va. 696, 702, 487 S.E.2d 891, 897 (1996), on the ground that, in many situations, an assistant prosecutor is an employee rather than a public officer given that the "constitutionally created"

3

office belongs to the elected Prosecuting Attorney. (internal quotations and omissions omitted). As we held in syllabus point 2 of *State ex rel. Preissler v. Dostert*, 163 W.Va. 719, 260 S.E.2d 279 (1979), the West Virginia Constitution invests the Prosecuting Attorney with the "sovereign power of the State." Given that petitioner fails to allege that the Prosecuting Attorney was disqualified from office, we conclude that his claim that counsel for the State did not have the authority to negotiate the plea agreement is frivolous.

With regard to petitioner's third claim, petitioner notes the documentation attached to his habeas petition showing that the jury commissioners were duly appointed at the time of his indictment, but nevertheless alleges that their appointments were improper because that documentation is incomplete. As petitioner notes, in syllabus point 1 of *State ex rel. Burgett v. Oakley*, 155 W.Va. 276, 184 S.E.2d 318 (1971), we held that an indictment returned by a grand jury selected by improperly appointed jury commissioners was void.[2]

More specifically, petitioner states that there is an order of appointment with regard to one jury commissioner and an oath of office signed by the other jury commissioner. Petitioner contends that there should be an order of appointment and oath of office for each commissioner. In syllabus of *State ex rel. Smith v. Boles*, 150 W.Va. 1, 146 S.E.2d 585 (1965), we held, as follows:

> There is a presumption of regularity of court proceedings that remains until the contrary appears, and the burden is on the person who alleges such irregularity to show it affirmatively; and where an order of a court of record is merely silent upon any particular matter, it will be presumed, notwithstanding such silence, that such court performed its duty in every respect as required by law[.]

Given the presumption of regularity of court proceedings, we find that, because the record includes one of the documents for each of the commissioners, petitioner has not met his burden of showing irregularity in the commissioners' appointments. Therefore, we conclude that this claim lacks merit.

Given that none of petitioner's present claims have merit, we find that his habeas attorney was not ineffective in failing to raise those claims. Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition. Finally, given that the circuit court correctly denied petitioner's habeas petition, we deny petitioner's motions for appointment of appellate counsel pursuant to West Virginia Code § 53-4A-4(a), which provides that such motions in habeas appeals shall be denied when "the grounds assigned therefor are without merit or are frivolous."

---

[2]We note that the functions of jury commissioners are now performed by the circuit clerk, under the direction of the circuit court, pursuant to West Virginia Code §§ 52-1-9 to -12. *See also* W.Va. Code § 52-2-2 (providing that provisions governing petit juries also govern grand juries).

For the foregoing reasons, we affirm the circuit court's January 29, 2016, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**:   March 24, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker